Joshua Briones (SBN 205293)
jbriones@mintz.com
E. Crystal Lopez (SBN 296297)
eclopez@mintz.com
Matthew Novian (SBN 324144)
mjnovian@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
Century Plaza Towers 2029 Century Park East Suite 3100
Los Angeles, CA 90067
Telephone:  310 586 3200
Facsimile:   310 586 3202

Attorneys for Defendant,
EF EDUCATION FIRST, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SENSIBAUGH, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EF EDUCATION FIRST, INC.<br><br>Defendant. | Case No.:  2:20-cv-01068-MWF-PVC<br><br>**DEFENDANT EF EDUCATION FIRST, INC.'S ANSWER TO COMPLAINT**<br><br>Hon. Michael W. Fitzgerald<br><br>Complaint Filed: February 2, 2020 |

Defendant EF Education First, Inc. ("Defendant" or "EF"), by and through its attorneys, answers and submits affirmative defenses to the Complaint filed in this Court on February 2, 2020 by Plaintiff Shannon Sensibaugh.  EF denies that it has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 or its regulations ("TCPA") and denies that Plaintiff's case is entitled to class treatment.

## ANSWER

In responding to the Complaint, EF denies all allegations contained therein unless specifically admitted below. Paragraph numbers in this document correspond

to the paragraph numbers of the Complaint and respond to all allegations of the corresponding Complaint paragraph. Within each paragraph, if an allegation is not expressly admitted, it is denied.

## NATURE OF ACTION

1. The allegations in Paragraph 1 discuss Plaintiff's intent in bringing this case and do not require a response. To the extent a response is required, EF denies that it violated the TCPA, denies that it is continuing to violate the TCPA, denies that class treatment is appropriate, and denies that Plaintiff or the class is entitled to any relief.

## JURISDICTION AND VENUE

2. Paragraph 2 does not assert factual allegations, so no response is required. EF further denies that Plaintiff can establish Article III standing.

3. EF admits that it is incorporated in California. The remaining allegations in Paragraph 3 are legal conclusions to which no response is required.

## PARTIES

4. Paragraph 4 contains legal conclusions to which no response is required. EF lacks the knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 4, and on that basis, denies them.

5. EF admits that it is incorporated in California. EF denies the remaining factual allegations in Paragraph 5. The last sentence in Paragraph 5 is a legal conclusion to which no response is required.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

6. EF lacks the knowledge or information sufficient to form a belief about the truth or falsity of allegations in Paragraph 6, and on that basis, denies them.

7. The allegations contained in Paragraph 7 are legal conclusions to which no response is required. To the extent that Paragraph 7 of the Complaint quotes from

DEFENDANT EF EDUCATION FIRST, INC.'S ANSWER TO COMPLAINT

the TCPA, 47 U.S.C. § 227, EF notes that the statute speaks for itself and is the best evidence of its content.

8. The allegations contained in Paragraph 8 of the Complaint purport to paraphrase FCC findings. To the extent Paragraph 8 purports to create a legal conclusion, no response is required.

9. The allegations contained in Paragraph 9 are legal conclusions to which no response is required. To the extent that Paragraph 9 of the Complaint quotes from the TCPA, 47 U.S.C. § 227, EF notes that the statute speaks for itself and is the best evidence of its content.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. EF lacks the knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 10, and on that basis, denies them.

11. EF denies the allegations in Paragraph 11.

12. EF denies the allegations in Paragraph 12.

13. EF denies the allegations in Paragraph 13.

14. EF denies the allegations in paragraph 14.

15. EF lacks the knowledge or information sufficient to form a belief about the truth or falsity allegation in Paragraph 15 regarding Plaintiff's cellular phone alerts, and on that basis, denies it. The remaining allegations contained in Paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, EF denies the remaining allegations in Paragraph 15.

16. EF denies the allegations in Paragraph 16.

17. EF denies the allegations in Paragraph 17.

18. EF denies the allegations in Paragraph 18.

19. EF denies the allegations in Paragraph 19.

///

///

DEFENDANT EF EDUCATION FIRST, INC.'S ANSWER TO COMPLAINT

## CLASS ALLEGATIONS

20. Paragraph 20 contains allegations regarding Plaintiff's intent regarding the Complaint filing as well as the class definitions and do not require a response. To the extent a response is required, EF denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

21. Paragraph 21 contains allegations regarding Plaintiff's intent regarding the filing of the Complaint as well as the class definitions and do not require a response. To the extent a response is required, EF denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

22. Paragraph 22 contains allegations regarding Plaintiff's reservation of rights and do not require a response. To the extent a response is required, EF denies that Plaintiff's case is entitled to class treatment, denies these class action allegations have any legal merit, and on that basis denies the allegations in Paragraph 22.

23. EF denies the allegations in Paragraph 23.

24. Paragraph 24 contains allegations regarding the relief Plaintiff seeks and do not require a response. To the extent a response is required, EF denies that Plaintiff's case is entitled to class treatment, denies these class action allegations have any legal merit, and on that basis denies the allegations in Paragraph 24.

25. EF denies the allegations in Paragraph 25.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, EF denies that Plaintiff's case is entitled to class treatment, denies these class action allegations have any legal merit, and on that basis denies the allegations in Paragraph 26.

27. Paragraph 27 does not assert factual allegations, so no response is required. To the extent a response is required, EF denies that Plaintiff's case is

entitled to class treatment, denies these class action allegations have any legal merit, and on that basis denies the allegations in Paragraph 27.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, EF denies that Plaintiff's case is entitled to class treatment, denies these class action allegations have any legal merit, and on that basis denies the remaining allegations in Paragraph 28.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, EF denies that Plaintiff's case is entitled to class treatment, denies these class action allegations have any legal merit, and on that basis denies the remaining allegations in Paragraph 29.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, EF denies that Plaintiff's case is entitled to class treatment, denies these class action allegations have any legal merit, and on that basis denies the remaining allegations in Paragraph 30.

31. EF lacks the knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 31, and on that basis, denies them.

32. Paragraph 32, including parts a-d, contain legal conclusions to which no response is required. To the extent a response is required, EF denies that Plaintiff's case is entitled to class treatment, denies these class action allegations have any legal merit, and on that basis denies the remaining allegations in Paragraph 32, including parts a-d.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, EF denies that Plaintiff's case is entitled to class treatment, denies these class action allegations have any legal merit, and on that basis denies the remaining allegations in Paragraph 33.

34. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, EF denies that Plaintiff's case is

entitled to class treatment and denies these class action allegations have any legal merit.

## CLAIM FOR RELIEF
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227

35. EF incorporates by reference its answers to paragraphs 1 through 34 into its answer to paragraph 35 as if fully set forth herein.

36. EF denies the allegations contained in Paragraph 36.

37. EF denies the allegations contained in Paragraph 37.

38. The allegations contained in Paragraph 38 are legal conclusions to which no response is required. To the extent that a response is required, EF denies the allegations contained in Paragraph 38.

39. EF denies that it violated the TCPA and denies that Plaintiff or a class is entitled to any relief. To the extent that the remaining allegations contained in Paragraph 39 purport to paraphrase the TCPA, EF notes the TCPA speaks for itself.

40. EF denies that it violated the TCPA and denies that Plaintiff or a class is entitled to any relief or attorneys' fees.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

EF denies that Plaintiff, or any member of the putative class, is entitled to any relief whatsoever, including, but not limited to, any judgment or decree that the present case may be properly maintained as a class action, any monetary damages (including actual damages or statutory damages), declaratory relief, injunctive relief, and any attorneys' fees or costs.

## AFFIRMATIVE DEFENSES

EF, in the alternative, and without prejudice to the denials and other statements made in its Answer, states the following Affirmative Defenses. By setting forth these affirmative defenses, EF does not assume the burden of proof as to any fact issue or other element of any cause of action for which Plaintiff bears the burden of proof.

Moreover, EF reserves the right to rely upon additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

In *Barr v. American Association of Political Consultants Inc.*, 19-631 (Cert. Granted January 10, 2020), the Supreme Court is reviewing whether the statute on which Plaintiff relies – the TCPA – is unconstitutional. If the Supreme Court invalidates 47 U.S.C. § 227(b)(1)(A)(iii) in its entirety, the Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative class lacks statutory and/or Article III standing.

## THIRD AFFIRMATIVE DEFENSE
### (Prior Express Written Consent)

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative class provided prior express written consent for the alleged text messages.

## FOURTH AFFIRMATIVE DEFENSE
### (Prior Express Consent)

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative class provided prior express consent for the alleged text messages.

///

///

## FIFTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Actions or Inaction)

Plaintiff's alleged damages, and the damages of the putative class members, if any, have been caused by their own action or inaction, including, but not limited to, their provision of prior express written consent or prior express consent to receive the alleged text messages.

## SIXTH AFFIRMATIVE DEFENSE

### (No Automated Dialer)

The Complaint and each purported claim contained therein are barred to the extent that EF did not employ an ATDS to send the alleged text messages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Excessive Penalties)

The statutory penalties sought by Plaintiffs and members of the putative class are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

### (Defenses Specific to Class Members)

EF may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. EF reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## NINTH AFFIRMATIVE DEFENSE

### (First Amendment)

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutional as they are content based restrictions on speech.

///

## TENTH AFFIRMATIVE DEFENSE

### (No Vicarious or Agency Liability)

EF is not liable to the extent any acts alleged in the Complaint were performed, if at all, by individuals and entities for whom EF is not vicariously liable.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Improper Defendant)

EF Education First Inc. did not send the text messages in question.

## RESERVATION OF RIGHTS

EF expressly and specifically reserves the right to amend this Answer to add, delete, or modify affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, EF respectfully prays for relief as follows:

1. That this Court dismiss Plaintiff's Complaint with prejudice at Plaintiff's cost;
2. That EF is awarded its attorneys' fees and costs; and
3. That EF be granted all such other relief as the Court deems just and proper.
4.

Dated: February 27, 2020         Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.


/s/ E. CRYSTAL LOPEZ
By:  Joshua Briones
     E. Crystal Lopez
     Matthew Novian

     Attorneys for Defendant,
     EF EDUCATION FIRST, INC.