Joshua Briones (SBN 205293)
jbriones@mintz.com
E. Crystal Lopez (SBN 296297)
eclopez@mintz.com
Matthew Novian (SBN 324144)
mjnovian@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
Century Plaza Towers 2029 Century Park East Suite 3100
Los Angeles, CA 90067
Telephone:  310 586 3200
Facsimile:   310 586 3202

Attorneys for Defendant,
EF EDUCATION FIRST, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SHANNON SENSIBAUGH, individually and on behalf of all other similarly situated,<br><br>                          Plaintiff,<br><br>        vs.<br><br>EF EDUCATION FIRST, INC.<br><br>                          Defendant. | Case No.:  2:20-cv-01068-MWF-PVC<br><br>**DEFENDANT EF EDUCATION FIRST, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY THE ACTION PENDING *BARR V. AAPC***<br><br>Hon. Michael W. Fitzgerald<br><br>Date:         April 6, 2020<br>Time:        10:00 a.m.<br>Dept:          Courtroom 5A<br><br> Complaint Filed: February 2, 2020 |

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ............................................................. 1

II.   FACTS AND BACKGROUND ......................................... 2

    A.   Plaintiff's Class Action Complaint ....................................... 2

    B.   Barr v. American Association of Political Consultants: Procedural History and Issues Now Before The Supreme Court ............................ 2

        1.   *AAPC*, District Court and Fourth Circuit Opinion ................... 3

        2.   Issues Currently Before the Supreme Court ............................. 5

    C.   AAPC's Progeny: Duguid v. Facebook ................................. 6

III.  THE CASE MUST BE STAYED PENDING THE SUPREME COURT'S DECISION IN *AAPC* ................................................. 9

        1.   No Damage Will Result from the Court Entering a Stay of this Action ................................................................... 11

        2.   EF Will Suffer Hardship or Inequity if this Case Is Not Stayed ........................................................................ 13

        3.   A Stay Will Enhance the Orderly Course of Justice ............... 14

IV.  CONCLUSION .............................................................. 15

1

# <u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

4

**Cases**

5    *American Assn. of Political Consultants, Inc. v. Federal
        Communications Commission,*

6        923 F. 3d 159 (4th Cir. 2019) ...........................................................4, 5

7    *American Assn. of Political Consultants, Inc. v. Sessions,*

8        323 F. 3d 737 (E.D.N.C. 2018) ............................................................4

9    *Barr v. American Association of Political Consultants Inc.,*

10        19-631 (Cert. Granted January 10, 2020)...................................*passim*

11    *Brickman v. Facebook Inc.,*

12        (N.D. Cal. Jan. 30, 2020).....................................................................7

13    *Carney v. Verizon Wireless Telecom, Inc.,*

        2010 U.S. Dist. LEXIS 77636 (S.D. Cal. 2010)................................15

14

15    *Charter Communications Inc. v. Gallion,*

        287 F.Supp.3d 920 (9th Cir. 2019)...................................................8, 9

16

17    *Chattanond v. Discover Fin. Servs., LLC,*

        No. 15-08549, U.S. Dist. LEXIS 24700 (C.D. Cal. Feb 26, 2016).............12, 13

18

19    *CMAX, Inc. v. Hall,*

        300 F.2d 265 (9th Cir. 1962) .............................................................13

20

21    *Dominguez v. Yahoo,*

        894 F.3d 116 (3d Cir. 2018) .................................................................8

22

23    *Duguid v. Facebook, Inc.,*

        926 F. 3d 1146 (9th Cir. 2019) .....................................................7, 8, 9

24    *Gadelhak v. AT&T Services,*

25        (7th Cir. Feb. 19, 2020) .......................................................................8

26    *Glasser v. Hilton Grand Vacations,*

        Case No. 18-14499, U.S. App. LEXIS 2481 (11th Cir. Jan. 27, 2020) ...............8

27

28

*Leyva v. Certified Grocers of Cal. Ltd.*,
   593 F.2d 857 (9th Cir. 1979) ...............................................................10

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) .............................................................11

*Lopez v. American Express Bank, FSB*,
   No. 09-cv-07335, U.S. Dist. LEXIS 101476 (C.D. Cal. Sept. 17,
   2010) ...........................................................................................13, 15

*Mackiewicz v. Nationstar Mortg., LLC*,
   No. 6:15-cv-465, 2015 U.S. Dist. LEXIS 180770 (M.D. Fla. Nov. 10,
   2015) ...................................................................................................14

*Marks v. Crunch San Diego*,
   904 F.3d 1041 (9th Cir. 2018) ...............................................................8

*Mediterranean Enters. v. Ssangyong Corp.*,
   708 F.2d 1458 (9th Cir. 1983) .............................................................10

*Miller v. Directv, LLC*,
   U.S. Dist. LEXIS 187115 (C.D. Cal. Jan. 8, 2015)..............................10

*Ramirez v. Trans Union, LLC*,
   No. 12-cv-00632-JSC, 2015 LEXIS 80692 (N.D. Cal. June 22,
   2015)………….......11, 12, 13

*Reynolds v. Time Warner Cable, Inc.*,
   No. 16-CV-6 165W, 2017 U.S. Dist. LEXIS 10462 (W.D.N.Y. Jan.
   25, 2017) ...............................................................................................13

*Rosenberg v. LoanDepot.com LLC*,
   No. 19-10661-NMG, 2020 U.S. Dist. LEXIS 11928 (D. Mass. Jan.
   24, 2020) ..............................................................................................7

*Seefeldt v. Entertainment Consulting Int'l, LLC*,
   No. 4:19-cv-00188, 2020 U.S. Dist. LEXIS 31815 (E.D. Mo. Feb. 25,
   2020) ............................................................................................*passim*

*St. Louis Heart Center, Inc. v. Athenahealth, Inc.*,
   No. 4:15-cv-01215, 2015 U.S. Dist. LEXIS 150776 (E.D. Mo. Nov.
   4, 2015) .................................................................................................12

*Stanley v. Capital One Financial Corp.*,
    No. 7:19-cv-00337, 2020 U.S. Dist. LEXIS 2407 (W.D. Va. Jan. 8,
    2020) ..................................................................................................................8

*Wright v. Exp Realty, LLC*,
    6:18-cv-1851 (M.D. Fla.) .......................................................................1, 2, 9 10

**Statutes**

47 U.S.C. § 227(b)(1)(A)(iii)..............................................................*passim*

## I.    INTRODUCTION

The Supreme Court is currently considering whether 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA") is constitutional.  *See Barr v. American Association of Political Consultants Inc.*, 19-631 (Cert. Granted January 10, 2020, Oral Argument April 22, 2020) (hereinafter "*AAPC*").  Recognizing that *AAPC* may cause a "total collapse of the TCPA" courts have issued stays in identical TCPA matters. *Seefeldt v. Entertainment Consulting Int'l, LLC*, No. 4:19-cv-00188, 2020 U.S. Dist. LEXIS 31815, *8 (E.D. Mo. Feb. 25, 2020); *Wright v. Exp Realty, LLC*, No. 6:18-cv-1851, Dkt. 96, p. 2 (M.D. Fla. Feb. 7, 2020) (J. Byron, Paul G.)[1] ("[A]ny proceedings before the Supreme Court issues guidance in the upcoming *Barr v. Am. Ass'n* will be—among other things—a waste of judicial resources and a waste of the parties' time and energy.").

In *AAPC* the Supreme Court will determine whether the government-debt exception found in 47 U.S.C. § 227(b)(1)(A)(iii) violates the First Amendment, and "more importantly . . . whether the proper remedy was to sever the offending exception from the TCPA, leaving the remainder of the TCPA intact." *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, *5.  Respondents (AAPC), *who also sought certiorari*, argue the Fourth Circuit should have invalidated and severed Section 227(b)(1)(A)(iii) from the TCPA, not just the portion of Section 227(b)(1)(A)(iii) pertaining to the government-debt exception.  If Respondents are correct, and the proper remedy is to invalidate 47 U.S.C. § 227(b)(1)(A)(iii) in its entirety, then automated texts to cellular phones would not violate the TCPA.  Here, Plaintiff's only cause of action alleges that the text sent to her cellular phone violates 47 U.S.C. § 227(b)(1)(A)(iii).  If the Supreme Court agrees with Respondents in *AAPC*, Plaintiff loses her only cause of action.

---

[1] Request for Judicial Notice ("RFJN"), Ex. A.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION STAY THE ACTION PENDING *BARR V. AAPC*

Defendant respectfully requests that this Court follow *Seefeldt* and *Wright* and exercise its inherent authority to stay this case.  Staying the case will preserve the parties' and the Court's resources.

## II.    FACTS AND BACKGROUND

### A.    Plaintiff's Class Action Complaint

Plaintiff alleges a single cause of action against Defendant for violation of 47 47 U.S.C. § 227(b)(1)(A)(iii).  Complaint ("Compl.") ¶ 38.  Specifically, Plaintiff alleges that Defendant contacted her using an automatic telephone dialing system ("ATDS" or "autodialer") without her consent. *Id.* ¶ 16.  Plaintiff affirmatively alleges that her "1529 Number is . . . **assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).**" *Id.* ¶ 10 (emphasis added).   If Section 227(b)(1)(A)(iii) is unconstitutional, Plaintiff's single cause of action fails without question.

In connection with this claim, Plaintiff alleges that EF Education First, Inc. sent "multiple text messages to Plaintiff's 1529 number and at least one text message (that was identical to or substantially the same as those received by Plaintiff) to each member of the putative Class." Compl. ¶ 11.  Specifically, on January 6, 2020, Plaintiff allegedly received the following text message "EF Ultimate Break: Our Year of You Sale ends Thursday.  Don't miss the best trip deals of 2020: https://efultimatebreak.com/yearofyou.  Txt stop to unsubscribe." *Id.* ¶ 13.

### B.    Barr v. American Association of Political Consultants: Procedural History and Issues Now Before The Supreme Court

The TCPA, generally bans the use of any "automatic telephone dialing system or an artificial or prerecorded voice" to "make any call" to "any telephone number assigned to a paging service, cellular telephone service . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C.

227(b)(1)(A)(iii).[2]  As discussed below, on April 24, 2019 the Fourth Circuit invalidated the government-debt exception, but not the entirety of section (b)(1)(A)(iii), which captures texts to cellular telephones if made with an ATDS.  If the proper remedy is invalidating 47 U.S.C. § 227(b)(1)(A)(iii) in its entirety, as opposed to severing 47 U.S.C. § 227(b)(1)(A)(iii)'s government-debt exception, then automated texts to cellular phones would not violate the TCPA.

### 1.    *AAPC*, District Court and Fourth Circuit Opinion

AAPC [Plaintiffs in the District Court, Petitioners to the Fourth Circuit, and now Respondents before the Supreme Court] are an association of political consultants (and various political organizations) who wish to use an ATDS to make calls and place text messages to the cell phones of potential or registered voters to solicit political donations.  D. Ct. Dkt., at 18 ("AAPC FAC")[3] ¶¶ 8-12.[4]  In 2016, Plaintiffs sued the Attorney General and the FCC in federal district court, alleging that "**the ban on certain calls to cell phones, 47 U.S.C. § 227(b)(1)(A)(iii) (hereinafter the "cellphone ban"), is an unconstitutional violation of their First Amendment rights because it is content-based and cannot withstand strict scrutiny.**" *Id*. at ¶ 2 (emphasis added).  AAPC also alleged that the government-debt exception to the autodial ban effects an impermissible form of content-based discrimination, in violation of the First Amendment. *Id*. at ¶¶ 13-14, 36-63.  AAPC argued that the appropriate remedy for the alleged constitutional violation was to

---

[2] In 2015, Congress amended the TCPA to create an additional exception for calls "made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. 227(b)(1)(A)(iii).

[3] RFJN, Ex. B.

[4] "AAPC members would **make these calls** to persons who did not provide prior express consent to them **using an automatic telephone dialing system ("ATDS")**, artificial or prerecorded voice **but for the cell phone call ban** and the credible threat and potential for prosecution by the federal government, states, or private persons or classes of persons." Compl. ¶ 8 (emphasis added).

invalidate the ban on use of an ATDS in its entirety, not severance of the government-debt exemption alone. D. Ct. Dkt. 36 (AAPC's Response in Opposition to Cross Motion for Summary Judgment),[5] at p. 8 ("**Severance of the existing content-based exemptions would not cure the cell phone call ban's unconstitutionality and contradicts long-standing First Amendment jurisprudence that more speech, rather than less speech, is the goal of this constitutional protection."**) (emphasis added).  If the District Court granted this remedy, AAPC would be allowed to text cellphones using an ATDS.

The Eastern District of North Carolina granted summary judgment in favor of the FCC and the Attorney General.  *American Assn. of Political Consultants, Inc. v. Sessions*, 323 F. 3d 737 (E.D.N.C. 2018).  The court rejected AAPC's claim that the TCPA violates the First Amendment.  *Id*. at 743,

The Fourth Circuit agreed with the District Court that the government debt exception "facially distinguishes between phone calls on the basis of their content" and therefore is subject to strict scrutiny.  *American Assn. of Political Consultants, Inc. v. Federal Communications Commission*, 923 F. 3d 159, 166 (4th Cir. 2019).  Unlike the District Court, however, the Court of Appeals determined that the government-debt exception "fails strict scrutiny review." *Id*. at 167.  The Court concluded that the government-debt exception renders the autodial ban "fatally underinclusive" "by authorizing many of the intrusive calls that the [autodial] ban was enacted to prohibit," and by "imped[ing] the privacy interests of the [autodial] ban." *Id*. at 168.  The court therefore held that the government-debt exception "violates the Free Speech Clause." *Id*. at 170.  Turning to the question of the appropriate remedy, the court of appeals directed that the government-debt exception be severed from the rest of the TCPA, leaving the autodial ban intact. *Id*. at 170. The

---

[5]  RFJN, Ex. C;

court explained that severance was the appropriate remedy in light of both the "general rule" in favor of "partial" invalidation. *Id.* This is the wrong remedy.

### 2. Issues Currently Before the Supreme Court

Even though AAPC "won" on appeal, it disagreed with the Fourth Circuit's opinion and sought certiorari to "review the remedial question" such that the Supreme Court would "invalidate[] and severe[] Section 227(b)(1)(A)(iii)" and not just the government-debt exemption. *Barr v. American Association of Political Consultants Inc.*, Respondent's Brief, No. 19-511 (filed December 4, 2019)[6] at pp. 17, 19.[7] As Respondents make clear, the issue at hand relates to the constitutionality of the TCPA's restriction on automated calls under Section 227(b)(1)(A)(iii):

> **It is black-letter law that when a statutory provision violates the Constitution, it must be invalidated.** *See, e.g., Free Enter.*, 561 U.S. at 508. The severability doctrine addresses whether other portions of a statute—which are perfectly constitutional on their own—must nonetheless also be invalidated because of their relationship to the unconstitutional provision. As this Court has explained: "'Generally speaking, when confronting a constitutional flaw in a statute, we try to limit the solution to the problem,' severing any 'problematic portions while leaving the remainder intact.'" *Id.* (citation omitted).

> Here, respondents challenged the TCPA's restriction on automated calls, 47 U.S.C. § 227(b)(1)(A)(iii). See supra at 8, 10; see also C.A.J.A. 141 ¶ 2 (**specifically identifying Section 227(b)(1)(A)(iii) as the "cell phone call ban" being challenged in this action**). **That restriction is the "problematic portion[]" of the statute that violates the First Amendment's prohibition on "abridging" speech. Free Enter., 561 U.S. at 508 (citation omitted); U.S. Const. amend. I. The restriction must therefore be set aside.**

> …

---

[6] RFJN, Ex. D.

[7] This is the same request AAPC made before the District Court in 2017: "The proper remedy is to allow more speech and speakers by striking the cell phone call ban and allowing the FCC or Congress to use other narrowly tailored, or content-neutral, means to protect residential privacy." D. Ct. Dkt. 36, at 8.

> Instead of expanding the TCPA's prohibition of speech, **the Fourth Circuit should have invalidated and severed Section 227(b)(1)(A)(iii),** leaving the TCPA's other provisions—regulating other types of communications—intact. That approach would have implemented this Court's settled severability doctrine while also heeding the Communications Act's "Separability" provision, which directs that if any part of the TCPA "is held invalid, the remainder of the [statute] . . . shall not be affected thereby." 47 U.S.C. § 608.

Respondent's Brief at 17, 19 (emphasis added).[8]

In Petitioners appeal, the Attorney General asks the Supreme Court to reverse the Fourth Circuit's opinion and find that the government-debt exemption does not violate the First Amendment.

Now, the Supreme Court will decide "whether the government-debt exception to the [TCPA's] automated-call restriction violates the First Amendment" and also "whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute." *See* Question Presented in *Barr v. American Association of Political Consultants Inc.,* 19-631.[9]  The constitutionality of Section 227(b)(1)(A)(iii) is under review.

## C.    AAPC's Progeny: Duguid v. Facebook

In June 2019, the Ninth Circuit followed *AAPC* and found that the debt-collection exemption was unconstitutional and severed it from the TCPA:

> As to the constitutional question, we join the Fourth Circuit and hold that a 2015 amendment to the TCPA, which excepts calls "made solely to collect a debt owed to or guaranteed by the United States," is content-based and incompatible with the First Amendment. [citing, *AAPC*]. But rather than toss out the entire TCPA—a longstanding and otherwise constitutional guardian of consumer privacy—we sever the newly

---

[8] RFJN, Ex. D.

[9] RFJN, Ex. E.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION STAY THE ACTION PENDING *BARR V. AAPC*

appended "debt-collection exception" as an unconstitutional restriction on speech.

*Duguid v. Facebook, Inc.*, 926 F. 3d 1146, 1149 (9th Cir. 2019) (Cert. Petition Filed, Oct. 21, 2019, No. 19-511).[10]

In October 2019, Facebook filed a Writ of Certiorari seeking review of the same ATDS provision: [11]

> While the Ninth Circuit was eminently correct to recognize that the TCPA's content-based prohibition on ATDS calls was unconstitutional, it then made a critical misstep. **The Ninth Circuit proceeded as if all that was unconstitutional was the speech-permitting government-debt-collection exception, rather than the speech-abridging prohibition on ATDS calls.** App.15 (condemning "the debt-collection exception— not … the TCPA overall"). Thus, based on the mistaken premise that the government-debt-collection exception was what was unconstitutional, the Ninth Circuit proceeded to analyze whether the exception could be "severed" from the statute, rather than whether the prohibition should be invalidated. App.19-20. The Ninth Circuit breezily concluded that the government-debt-collection exception could be severed without doing damage to "the fundamental purpose of the TCPA" since the exception was a relatively recent addition to the statute and because the TCPA includes a severability provision. App.19-20.

Appellant's Certiorari petition at 15-16.[12]

---

[10] Other district courts have followed the trend set by the Fourth and Ninth Circuits by severing the exemption from statute. *See Rosenberg v. LoanDepot.com LLC*, No. 19-10661-NMG, 2020 U.S. Dist. LEXIS 11928 (D. Mass. Jan. 24, 2020) ("for broadly similar reasons as discussed by the Fourth and Ninth Circuits, this Court concludes that the unconstitutional government debt collection exception in severable. *See Duguid*, 926 F.3d at 1156–57; *American Ass'n of Political Consultants*, 923 F.3d at 170–71.").

[11] Recognizing the importance of the issues under review, parties in at least one other district court of California have stipulated to a stay pending the Supreme Court's certiorari decision in *Duguid*. *See Brickman v. Facebook Inc.*, 3:16-cv-00751-WHO, Dkt. 127 (N.D. Cal. Jan. 30, 2020) ("Upon consideration of the parties' Stipulation . . . the Court finds that good cause for the requested stay has been shown.") *See* RFJN, Ex. F.

[12] The issues presented by Facebook on appeal are: "(1) Whether the Telephone Consumer Protection Act of 1991's prohibition on calls made using an 'automatic telephone dialing system' is an unconstitutional restriction of speech, and if so whether the proper remedy is to broaden the

In addition to severance of 47 U.S.C. § 227(b)(1)(A)(iii) as a whole, Facebook asks the Supreme Court to resolve a circuit split also at issue here.[13] *See Gadelhak v. AT&T Services*, No. 19-1738 (7th Cir. Feb. 19, 2020); *Glasser v. Hilton Grand Vacations,* Case No. 18-14499, 2020 U.S. App. LEXIS 2481 (11th Cir. Jan. 27, 2020); *Dominguez v. Yahoo*, 894 F.3d 116, 120 (3d Cir. 2018); *c.f. Marks v. Crunch San Diego,* 904 F.3d 1041, 1049 (9th Cir. 2018). Resolution of *AAPC*, however, may obviate the need to review *Duguid. See Seefeldt*, 2020 U.S. Dist. LEXIS 31815, *8-*9 ("It seems likely that [*AAPC*], at minimum, will come this term (oral argument has been set for April 22, 2020), which may or may not be a reason why the decision on certiorari in *Duguid* remains pending.").

The Supreme Court held a conference on Facebook's petition on January 24, 2020 but has neither denied review nor formally relisted the case. Supreme Court Docket in *Facebook v. Duguid,* 19-511.[14] Similarly, when the Supreme Court convened to meet regarding *Charter Communications Inc. v. Gallion*, 287 F.Supp.3d 920 (9th Cir. 2019) (Cert. Petition Filed Nov. 1, 2019, No. 19-575), which raises

---

[13] Recognizing that the grant of certiorari on this issue will be outcome determinative, at least one court has indicated that a stay pending Supreme Court review of these issues may be warranted. *See Stanley v. Capital One Financial Corp.*, No. 7:19-cv-00337, 2020 U.S. Dist. LEXIS 2407, (W.D. Va. Jan. 8, 2020) ("If, however, the Supreme Court grants the petition for certiorari in *Duguid* and the parties believe the Supreme Court's ruling will be necessary to the resolution of this case, either party may file a subsequent motion to prevent relitigating issues either at trial or on appeal."). The *Stanley* Court denied Defendant's motion to stay pending forthcoming FCC guidance two days before the Supreme Court granted certiorari in *AAPC*. *Stanley*'s invitation to the parties to refile "a subsequent motion to prevent relitigating issues either at trial or on appeal" if the Supreme Court grants certiorari in *Duguid* indicates that the Court would have been inclined to grant a stay under the current circumstances.

[14] RFJN, Ex. G.

prohibition to abridge more speech; and (2) whether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.' While the first issue presented by *Duguid* is in line with *AAPC* the second issue seeks resolution on separate Circuit split facing the TCPA bar.

similar issues, it did not deny review or formally relist that case either.[15]  All the while, the Supreme Court has denied hundreds of certiorari petitions in 2020.  *See* Order List: 589 U.S., Monday January 27, 2020, Certiorari – Summary Disposition.[16] The Court is likely holding off on reviewing the petitions in *Duguid* and *Gallion* while it decides the constitutionally of Section 227(b)(1)(A)(iii) in *Barr* – a finding that the TCPA violates the First Amendment would obviate the need to review either *Duguid* or *Gallion*.

## III.    THE CASE MUST BE STAYED PENDING THE SUPREME COURT'S DECISION IN *AAPC*

Recognizing the Supreme Court may invalidate the autodial ban in its entirety, within the last several weeks courts have granted stays pending *AAPC* in identical TCPA cases.  *Seefeldt*, 2020 U.S. Dist. LEXIS 31815; RFJN Ex. A (*Wright, et al. v. EXP Realty, LLC*, No. 18-cv-01851, M.D. Fla., Dkt. # 96).  As here, plaintiffs in both *Seefeldt* and *Wright* allegedly received marketing calls (sent with an ATDS) in violation of 47 U.S.C. § 227(b)(1)(A)(iii).  Notably, neither *Wright* nor *Seefeldt* concerns the government debt exception.  Because of the importance of the issues before the Supreme Court, and their effect on the pending cases, both courts granted stays.  "[W]hat the Supreme Court *has* accepted review of – particularly, whether the government-debt exception is severable from the TCPA if deemed unconstitutional – risks a potential total collapse of the TCPA without regard to the definitional problem," concluded the *Seefeldt* court.  *Seefeldt*, 2020 U.S. Dist. LEXIS 31815 at

---

[15] The issues presented by *Gallion* are: "Whether the Telephone Consumer Protection Act's prohibitions on calls made using an automatic dialing system or an artificial or prerecorded voice are unconstitutional content-based restrictions of speech, and if so whether the U.S. Court of Appeals for the 9th Circuit erred in 'remedying' that constitutional violation by broadening the prohibitions to abridge more speech." *Charter Communications Inc. v. Gallion*, Appellant's Petition for Cert. pending, No. 19-575 (December 1, 2019) (Ex. H to RFJN)

[16] RFJN, Ex. I.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION STAY THE ACTION PENDING *BARR V. AAPC*

*8.   Likewise, the *Wright* court held that *AAPC* has the "'potential to moot this action, as the Supreme Court is reviewing whether the statute on which Plaintiff relies – the TCPA – is unconstitutional.' . . . The Court believes that any proceedings before the Supreme Court issues guidance in the upcoming *Barr v. Am. Ass'n* will be— among other things—**a waste of judicial resources and a waste of the parties' time and energy**."  RFJN Ex. A, p. 2 (emphasis added).[17]  The same is true here— allowing this case to continue where Plaintiff's only claim may not exist in a matter of months would waste time and resources.

Like the *Seefeldt* and *Wright* courts, this Court should stay this case in the exercise of its own discretion.  *See, e.g., Miller v. Directv, LLC*, No. 14-07579, 2015 U.S. Dist. LEXIS 187115, at *3 (C.D. Cal. Jan. 8, 2015).  Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the Court, thereby substantially simplifying the issues presented. *See Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983).  A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

The factors district courts weigh in deciding whether to grant a request for a stay are: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or

---

[17] The *Wright* Court previously denied the defendant's request for a stay pending forthcoming FCC guidance on the definition of an ATDS.  *Wright v. Exp Realty, LLC*, 6:18-cv-1851, 2019 U.S. Dist. LEXIS 96516 (M.D. Fla. June 7, 2019).  *Id*. at 4-5.  Six months following this order, the same Court issued a stay recognizing that allowing the case to proceed would be wasteful as *AAPC* could invalidate the statute in its entirety.

complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Weighing these factors, courts in the Ninth Circuit have not hesitated to grant a stay pending the Supreme Court's review on a dispositive issue:

> Here, Defendant moves to stay the action pending the Supreme Courts review of the Ninth Circuits decision in *Spokeo* upon which the Court squarely relied in granting class certification of the FCRA class. Given that the Supreme Court's decision in *Spokeo* may directly impact the Court's class certification ruling, the *Landis* factors weigh strongly in favor of staying this action pending the *Spokeo* decision. **The possible prejudice to Plaintiff that will result from a stay is minimal, as the *Spokeo* decision will likely be issued within a year per the Supreme Courts customary practice.** Further, as explained by Defendant, and not disputed by Plaintiff, **Defendant has modified the conduct about which Plaintiff complains so there is no need to proceed with trial to obtain immediate injunctive relief** . . . In contrast to the lack of prejudice to Plaintiff and the class, in light of *Spokeo's* potential impact on the class certification order, **Defendant faces the risk of unnecessary proceedings and expenses if the case is not stayed**: given the current schedule, absent a stay this case will be resolved through either trial or summary judgment prior to the Supreme Court's ruling.

*Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2015 LEXIS 80692, at *2 (N.D. Cal. June 22, 2015) (emphasis added).[18]

### 1.    No Damage Will Result from the Court Entering a Stay of this Action

This action is in its infancy and neither party has expended truly significant time or effort in the prosecution and defense of the case. *Seefeldt*, 2020 U.S. Dist.

---

[18] The *Ramirez* Court granted the stay pending the Supreme Court's decision in *Spokeo*. In opposition to this motion, Plaintiff will likely point to opinions where stays were denied pending *Spokeo*. Those opinions denied the stay on the basis that while the Supreme Court's decision in *Spokeo* would provide guidance regarding what constitutes actual harm for purposes of Article III standing, it would not immediately dispose of the entire case. Here, by contrast, *AAPC* concerns the constitutionality of the TCPA. If 47 U.S.C. § 227(b)(1)(A)(iii) is found unconstitutional, Plaintiff loses her only cause of action. There is no question that the decision in *AAPC* will directly impact this litigation.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION STAY THE ACTION PENDING *BARR V. AAPC*

LEXIS 31815, *11 ("A (relatively) young case, at least from the standpoint of litigation efforts, if not time alone, favors staying this action.").[19] A stay would not disrupt proceedings at this stage, but rather would promote efficiency in light of the dispositive issue before the Supreme Court.  Plaintiff cannot credibly articulate any harm (aside from the potential delay in receipt of statutory damages) from what is likely going to be a brief stay.

First, there is no risk of an indefinite delay. *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, *8-*9 ("It seems likely that [*AAPC*], at minimum, **will come this term** (**oral argument has been set for April 22, 2020**).") (emphasis added).  Additionally, courts in the Ninth Circuit have stayed cases for nearly a year where dispositive issues are pending before the Supreme Court.  *Ramirez*, 2015 LEXIS 80692, at *2 ("The possible prejudice to Plaintiff that will result from a stay is minimal, as the *Spokeo* decision will likely be issued within a year per the Supreme Court's customary practice."); *See Chattanond v. Discover Fin. Servs., LLC*, No. 15-08549, 2016 U.S. Dist. LEXIS 24700, at *10 (C.D. Cal. Feb 26, 2016)  ("It would be burdensome for both parties to spend much time, energy, and resources on pretrial and discovery issues, only to find those issues moot within less than a year.").  Here, as in *Ramirez*, the length of the stay is minimal because a decision in *AAPC* will likely be issued within a year (or less) per the Supreme Court's customary practice.  Thus, the proposed stay will be short.

Additionally, Defendant has implemented a litigation hold and there is no risk of losing discoverable materials.  After the Supreme Court issues its decision in

---

[19] *See also St. Louis Heart Center, Inc. v. Athenahealth, Inc.*, No. 4:15-cv-01215, 2015 U.S. Dist. LEXIS 150776 (E.D. Mo. Nov. 4, 2015) (Staying TCPA case pending Supreme Court decision and finding "this case is still very young. The parties have conducted little, if any, discovery; and other than the instant motions, no substantive issues have been or are scheduled to be litigated. Thus, staying the case now would not significantly disrupt the litigation process.")

*AAPC* and this Court lifts the stay, all discoverable materials that Plaintiff seeks will still be available.

Finally, delay in the potential receipt of statutory damages, what Plaintiff seeks, is not a sufficient reason to justify denial of a stay. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962) (holding that a delay in a party's pursuit of money damages is insufficient to support denial of a stay of proceedings). Nor does a claim for injunctive relief warrant the denial of a stay where the alleged wrongful conduct has already ceased. *See Reynolds v. Time Warner Cable, Inc*., No. 16-CV-6 165W, 2017 U.S. Dist. LEXIS 10462, at *2 (W.D.N.Y. Jan. 25, 2017); *Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2015 LEXIS 80692, at *2 (N.D. Cal. June 22, 2015) ("Defendant has modified the conduct about which Plaintiff complains so there is no need to proceed with trial to obtain immediate injunctive relief."). Plaintiff provides no reason to believe that the conduct complained of will continue and instead alleges "on information and belief" that the violations are "substantially likely" to continue. Compl. ¶ 25.

> **2.    EF Will Suffer Hardship or Inequity if this Case Is Not Stayed**

If a stay is not granted, EF—and Plaintiff, for that matter—will suffer harm in the form of potentially unnecessary fees and costs spent litigating an entire class action that may be moot shortly. *Lopez v. American Express Bank, FSB*, No. 09-cv-07335, 2010 U.S. Dist. LEXIS 101476, *13 (C.D. Cal. Sept. 17, 2010) ("The Defendants will suffer substantial hardship if this action is permitted to go forward. They will incur significant costs relating to fact and expert discovery, motion practice, and trial preparation to defend this action."); *Ramirez*, 2015 LEXIS 80692, at *4 ("Defendant faces the risk of unnecessary proceedings and expenses if the case is not stayed.").[20] If 47 U.S.C. § 227(b)(1)(A)(iii) is invalidated in its entirety,

---

[20] Indeed, Courts have found that litigation expense is sufficient to demonstrate actual prejudice that justifies a stay. *See Chattanond*, 2016 U.S. Dist. LEXIS 24700, at *10 ("[H]ardship to Defendant

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION STAY THE ACTION PENDING *BARR V. AAPC*

Plaintiff loses her only claim.

Plaintiff wishes to certify a single class premised on 47 U.S.C. § 227(b) (requiring an ATDS). In the event this case is not stayed, Plaintiff will no doubt pursue discovery with respect to the lone cause of action in this case and the class she is attempting to certify. It makes little sense to move forward with this case and discovery (including class and expert discovery) when the Supreme Court may find that Section 227(b)(1)(A)(iii) is unconstitutional. *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, *10-*11 (issuing a stay pending *AAPC* "to avoid exhausting judicial resources to decide things like . . . possible discovery-related matters or summary judgment motions to follow which may prove fruitless.").

If this case is not stayed, it is possible that EF may be forced to litigate, for months, only to have the Supreme Court issue an order that will dispose of this action. Significant resources, including the Court's, could be wasted if an order invalidating the cell-phone ban under Section 227 (b)(1)(A)(iii) is issued. The risk is not abstract – Respondents in *AAPC* are asking the Court to invalidate the autodial ban in its entirety. If the Supreme Court agrees with Respondents, this action would have to be dismissed because a legal basis for Plaintiff's claim would no longer exist.

### 3.    A Stay Will Enhance the Orderly Course of Justice

Granting a stay will serve the orderly course of justice and conserve judicial resources. *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, *8-*9 (finding a "stay is appropriate . . . to avoid exhausting judicial resources."); RFJN Ex. A, p. 2 ("any proceedings before the Supreme Court issues guidance in the upcoming *Barr v. Am.*

---

and considerations of judicial economy weigh in favor of a stay. If the case is not stayed, Defendant will suffer hardship in conducting discovery and trial preparation. . .".); *Mackiewicz v. Nationstar Mortg., LLC*, No. 6:15-cv-465, 2015 U.S. Dist. LEXIS 180770, at *3 (M.D. Fla. Nov. 10, 2015) (granting the defendant's motion to stay in part because "a stay would reduce the burden of litigation on the parties and the Court.").

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION STAY THE ACTION PENDING *BARR V. AAPC*

1  *Ass'n* will be—among other things—**a waste of judicial resources and a waste of**

2  **the parties' time and energy**.") (emphasis added).  Where a Supreme Court decision

3  will simplify issues for a district court, the orderly course of justice is enhanced.

4  *Carney v. Verizon Wireless Telecom, Inc.*, No. 09-cv-1854, 2010 U.S. Dist. LEXIS

5  77636, at *8 (S.D. Cal. 2010) (granting a stay and finding "the Supreme Court's

6  decision in *Concepcion* will simplify the present issue in this case."); *Lopez*, 2010

7  U.S. Dist. LEXIS 101476, *14 ("It would be burdensome for both parties to spend

8  much time, energy, and resources on pre-trial and discovery issues, only to find those

9  issues moot within less than a year. The public interest in preserving judicial

10  resources also weighs in favor of staying the case.").

11       Plaintiff seeks to hold EF liable for allegedly texting her cellular telephone

12  using an ATDS.  If the Supreme Court finds the Congressional ban against using an

13  ATDS violates the first amendment, then Plaintiff's only claim against Defendant

14  becomes a nullity.  Any ruling that the Court issues on the merits of this case may

15  have to be revisited after the Supreme Court issues its order.  Waiting until the

16  Supreme Court answers this dispositive issue—which could necessitate immediate

17  dismissal—is the most prudent course of action.

18  **IV.    CONCLUSION**

19       Simply put, if the Supreme Court invalidates 47 U.S.C. § 227(b)(1)(A)(iii) in

20  its entirety, then automated texts to cellular phones would not violate the TCPA.

21  Plaintiff's only cause of action complains of a text message sent to her cell phone.  A

22  short stay will not prejudice Plaintiff; rather, it will conserve the parties' resources

23  ///

24  ///

25  ///

26  ///

27

28

and the Court's time.  For these reasons, this Court should grant a stay pending the outcome of *AAPC v. Barr*.


Dated:  February 28, 2020                    Respectfully submitted,

                                             MINTZ LEVIN COHN FERRIS GLOVSKY
                                             AND POPEO P.C.


                                             /s/ E. Crystal Lopez
                                             By:  Joshua Briones
                                                   E. Crystal Lopez
                                                   Matthew Novian

                                                   Attorneys for Defendant,
                                                   EF EDUCATION FIRST, INC.