# EXHIBIT A

```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3   ANGEL BAKOV, Individually and  )
     on behalf of all others        )
 4   similarly situated,            )
                                    )
 5                   Plaintiffs,    )
     -vs-                           )  Case No. 15 CV 2980
 6                                  )
                                    )  Chicago, Illinois
 7   CONSOLIDATED WORLD TRAVEL, a   )  February 27, 2020
     Florida corporation, et al.,   )  9:43 a.m.
 8                                  )
                     Defendants.    )
 9                                  )

10                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE HARRY D. LEINENWEBER
11
     APPEARANCES:
12
     For the Plaintiffs:    MR. KYLE A. SHAMBERG
13                          Carlson Lynch LLP
                            111 West Washington Street
14                          Suite 1240
                            Chicago, IL  60602
15                          (312) 750-1592
                            E-mail:  Kshamberg@carlsonlynch.com
16
                            MS. SARAH N. WESTCOT
17                          MR. YITZCHAK KOPEL
                            Bursor & Fisher, P.A.
18                          1990 N. California Boulevard
                            Suite 940
19                          Walnut Creek, CA 94596
                            (925-300-4455
20                          E-mail:  Swestcot@bursor.com
                                     Ykopel@bursor.com
21   Court Reporter:

22          KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                      Official Court Reporter
23                 United States District Court
           219 South Dearborn Street, Suite 1426
24                    Chicago, Illinois  60604
                    Telephone:  (312) 435-5569
25              Kathleen_Fennell@ilnd.uscourts.gov
```

1  APPEARANCES:   (Continued)

2  For the Defendants:     MR. TIMOTHY A. HUDSON
                           Tabet DiVito Rothstein
3                          209 South LaSalle Street
                           7th Floor
4                          Chicago, IL  60604
                           (312) 762-9450
5                          E-mail: Thudson@tdrlawfirm.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 1 | (Proceedings heard in open court:) |
| 2 | THE CLERK: 15 C 2980, Bakov versus Consolidated |
| 3 | World. |
| 4 | THE COURT: Good morning. |
| 09:43:53  5 | MR. SHAMBERG: Good morning, Your Honor. Kyle |
| 6 | Shamberg for plaintiffs and class. |
| 7 | MR. KOPEL: Good morning, Your Honor. Yitzchak Kopel |
| 8 | for plaintiffs and the class. |
| 9 | MS. WESTCOT: Good morning, Your Honor. Sarah |
| 09:44:02  10 | Westcot for the class. |
| 11 | MR. HUDSON: Good morning, Your Honor. Tim Hudson, |
| 12 | local counsel on behalf of defendant Consolidated World |
| 13 | Travel. |
| 14 | THE COURT: All right. There's been a motion by |
| 09:44:09  15 | Consolidated Travel for reconsideration and a motion to stay |
| 16 | and a notice of supplemental authority, and plaintiffs' |
| 17 | opposition to the motion for reconsideration of the Court's -- |
| 18 | so the Court's prepared to rule on some of the issues. |
| 19 | Defendant recently filed a motion asking the Court to |
| 09:44:35  20 | stay this case until the Supreme Court has ruled on *Barr v.* |
| 21 | *American Association of Political Consultants*. For the |
| 22 | following reasons the motion is denied. |
| 23 | The *Barr* case concerns a section of the Telephone |
| 24 | Consumer Protection Act exempting automated calls made to |
| 09:44:51  25 | collect on debts owed to or guaranteed by the United States. |

1  The question is whether the section is a free speech
2  violation.  The Fourth Circuit found that it was and found
3  that the clause, which Congress added to the TCPA in 2015, was
4  severable from the rest of the statute.  The Supreme Court
5  granted cert.
6       Although that particular provision was not at issue
7  in this case, defendants argue that there is a chance that the
8  Supreme Court will invalidate the entire TCPA or that the
9  proscription on using prerecorded voices will be affected in a
10 way that renders this case moot.  That likelihood, defendant
11 argues, warrants a stay.  Plaintiff responds that Congress
12 added the disputed TCPA provision relatively recently, and
13 that every appellate court to rule on the debt collection
14 clause's constitutionality has found that it was severable
15 from the rest of the statute.  Further, plaintiff notes that
16 the separate provision of the TCPA, see 47 U.S. Code
17 Section 608, creates a strong presumption in favor of
18 severability.  Congress has written its preference for
19 severability into the statutory text and, accordingly, the
20 likelihood the entire TCPA will be invalidated is low.
21      Finally, plaintiffs argue that given the procedural
22 posture of the case, a stay would harm the class.
23      The Court has the inherent power to manage its own
24 docket.  See *Landis v. North American Company*.  Defendants
25 have submitted supplemental authority demonstrating that some

other courts have stayed their actions pending the Supreme Court decision, but this supplemental authority is not convincing. The 2015 debt collection provision is narrow and not implicated in this case. Therefore, whether it is upheld or severed does not affect these proceedings. Only a seismic shift, such as invalidation of the TCPA, would affect this case, and the plaintiffs convincingly dispute that despite defendants' assertions, such a shift would still not moot this case.

Further, continuing this case rather than staying it will consume some resources. But because the Court decided the most outstanding significant issues in its recent summary judgment opinion, not nearly as much remains to be done. Judicial economy is always a concern, but the Court finds that the very small likelihood of a fundamental shift in TCPA law does not outweigh everyone's interest, including the plaintiffs' and the Court's, in continuing apace. Thus, the Court will continue this case. Accordingly, the defendants' motion to stay is denied.

Regarding the motion to reconsider, the Court has considered both defendants' motion and plaintiffs' response and will take the motion under advisement. No reply is needed, and the parties shall not file any further briefing unless so directed by the Court. The Court will rule by mail on the outstanding motion for reconsideration.

09:47:49

1    While the motion for reconsideration is pending, the
2  Court will move forward with the distribution plan, okay?
3        Thank you.
4        MR. KOPEL:  Thank you, Your Honor.
5        MS. WESTCOT:  Thank you.
6        MR. HUDSON:  Thank you, Your Honor.
7        (Which were all the proceedings heard.)
8                    CERTIFICATE
9    I certify that the foregoing is a correct transcript from
10 the record of proceedings in the above-entitled matter.
11 */s/Kathleen M. Fennell*              March 2, 2020
12 _____     _____
   Kathleen M. Fennell                   Date
13 Official Court Reporter