Joshua Briones (SBN 205293)
jbriones@mintz.com
E. Crystal Lopez (SBN 296297)
eclopez@mintz.com
Matthew Novian (SBN 324144)
mjnovian@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
Century Plaza Towers 2029 Century Park East Suite 3100
Los Angeles, CA 90067
Telephone:  310 586 3200
Facsimile:   310 586 3202

Attorneys for Defendant,
EF EDUCATION FIRST, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SENSIBAUGH, individually and on behalf of all other similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>EF EDUCATION FIRST, INC.<br><br>　　　　　　　Defendant. | Case No.:  2:20-cv-01068-MWF-PVC<br><br>**DEFENDANT EF EDUCATION FIRST, INC.'S REPLY IN SUPPORT OF MOTION TO STAY**<br><br>Date:　　April 6, 2020<br>Time:　　10:00 a.m.<br>Dept:　　 Courtroom 5A<br>Judge:　  Hon. Michael W. Fitzgerald<br><br>　Complaint Filed: February 2, 2020 |

1
**DEFENDANT EF EDUCATION FIRST, INC.'S REPLY IN SUPPORT OF MOTION TO STAY**

## I. INTRODUCTION

Plaintiff does not dispute that if the Supreme Court agrees with Respondents in *Barr v. AAPC* Plaintiff's single cause of action under 47 U.S.C. § 227(b)(1)(A)(iii) may be a nullity in a matter of months.[1] Because of this reality, at least four district courts have stayed cases involving a claim based on 47 U.S.C. § 227(b)(1)(A)(iii) pending *AAPC*.[2] The trend is clear, Courts are waiting to see how the Supreme Court rules in *AAPC* before expending judicial resources on TCPA class actions.

The bulk of Plaintiff's Opposition is premised on the self-serving speculation that the Supreme Court is "never going to" "abolish the TCPA" because the "Supreme Court has a strong preference for severing flawed portions of statutes to limit the impact of its decision." Opp. at. 2. Plaintiff's argument fails for at least three reasons.

First, Plaintiff misses the point. Respondents in *AAPC* seek severance of 47 U.S.C. § 227(b)(1)(A)(iii), not total invalidation of the TCPA: "the Fourth Circuit should have invalidated and severed Section 227(b)(1)(A)(iii), leaving the TCPA's other provisions—regulating other types of communications—intact." Motion at p. 6 (RFJN D, at p. 19). Indeed, even Plaintiff acknowledges the issue before the Fourth Circuit was "whether to strike the automated call ban in its entirety, or whether to simply sever the flawed exemption therefrom," not complete invalidation of the TCPA. Opp. at p. 9.

---

[1] Indeed, Plaintiff concedes, "there is a case going to the Supreme Court in which the argument advanced by Defendant is technically being advanced by Respondents." Opposition ("Opp.") at p. 15.

[2] *Jones v. Ushealth Group*, No. 19-2534-CM, Dkt. 53 at p. 1 (D. Kan. March 12, 2020) (Ex. J to SRFJN) ("The Supreme Court will determine whether a relevant provision of the [TCPA] violates the Free Speech Clause of the First Amendment, which may invalidate the statute on which plaintiff brings his claim.") (emphasis added); *See Perrong v. Liberty Power Corp.*, 1:18-cv-00712, Dkt. 54 (D. Del. Mar. 6, 2020) (Ex. K to SRFJN) ("The case is STAYED pending the outcome of the U.S. Supreme Court case *Barr v. AAPC*."); *Seefeldt v. Entertainment Consulting Int'l, LLC*, No. 4:19-cv-00188, 2020 U.S. Dist. LEXIS 31815, *8 (E.D. Mo. Feb. 25, 2020); *Wright v. Exp Realty, LLC*, No. 6:18-cv-1851, 2020 U.S. Dist. LEXIS 43378 (M.D. Fla. Feb. 7, 2020).

Second, Plaintiff's personal opinion of what the Supreme Court may do is irrelevant. Just because the Fourth Circuit or any other court found the proper remedy for AAPC's constitutional challenge to the automated call ban was to sever the debt-collection clause rather than invalidate Section 227(b)(1)(A)(iii) does not mean the Supreme Court will follow suit. In any event, a prediction about how the Supreme Court will rule on a particular case is not one of the *Landis* factors court's consider when deciding whether to grant a stay.

Finally, as discussed in EF's Motion and further below, all of the *Landis* factors weigh in favor of granting a stay pending the Supreme Court's decision in *Barr v. AAPC*. If this Court stays this case Plaintiff will not be prejudiced; if it does not, both parties will suffer harm in the form of potentially unnecessary fees and costs spent litigating an entire class action that may be moot shortly. Finally, a stay will promote judicial economy because *AAPC* may result in the Supreme Court finding 47 U.S.C. § 227(b)(1)(A)(iii) unconstitutional, which would moot Plaintiff's only claim.

## II. *LANDIS* FACTORS WEIGH IN FAVOR OF ISSUING A STAY PENDING THE SUPREME COURT'S *AAPC* DECISION

Curiously, Plaintiff argues that this Court should deny the present motion because "Defendant does not cite the Supreme Court's controlling decision in *Landis*, let alone attempt to demonstrate that any of its factors are satisfied." Opp. at p. 5. This is either boilerplate language copied from a different brief or a gross misstatement. EF sets out the relevant Ninth Circuit standard put forth in *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005), citing *Landis v. North American Co., 229 U.S. 248, 254* (1936). Motion pp. 10 – 11.[3]

---

[3] "The factors district courts weigh in deciding whether to grant a request for a stay are: '[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'"

3
**DEFENDANT EF EDUCATION FIRST, INC.'S REPLY IN SUPPORT OF MOTION TO STAY**

All of the *Landis* factors weigh in favor of granting a stay pending *Barr v. AAPC*: 1) Plaintiff will not be prejudiced by an indefinite delay as the Supreme Court will hear *AAPC* this term (Oral Argument set for April 22, 2020), nor will Plaintiff be prejudiced by the potential loss of evidence as a litigation hold is in place; 2) Both parties will suffer harm in the form of potentially unnecessary fees and costs spent litigating an entire class action that may be moot shortly[4] and 3) A stay will promote judicial economy because *AAPC* may result in the Supreme Court finding 47 U.S.C. § 227(b)(1)(A)(iii) unconstitutional, thereby stripping Plaintiff of her only claim.

### A. Plaintiff Will Not Be Prejudiced By The Stay

First, Plaintiff cites a dissenting opinion in *Ricci v. Chicago Mercantile Exch.*, to argue that a stay will "deprive Plaintiff and the proposed class members of their right" to vindication. Opp. at p. 6; 409 U.S. 289, 320-21 (1973). The delay in the potential receipt of statutory damages, what Plaintiff seeks, is not a sufficient reason to justify denial of a stay. *Gustavson v. Mars, Inc.*, No. 13-cv-04537, 2014 U.S. Dist. LEXIS 171736, at *7 (N.D. Cal. Dec. 10, 2014) ("As to the delay in recovering damages, Defendant is correct that mere delay in monetary recovery is an insufficient basis to deny a stay."); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962) (holding that a delay in a party's pursuit of money damages is insufficient to support denial of a stay of proceedings); *Boise v. Ace USA, Inc.*, 2015 U.S. Dist. LEXIS 87200, *12 ("Plaintiff will not be unduly prejudiced or harmed by a stay of proceedings, which

---

[4] Given the post-filing COVID-19 developments that EF and its counsel could not have predicted, EF respectfully submits that concerns associated with needlessly spending hundreds of thousands of dollars on litigation are now even more paramount. There is no denying that COVID-19 will dramatically affect the economic landscape. Specifically, the travel industry, which EF is a part of, is suffering the most direct and significant effects of the COVID-19 outbreak and resulting travel bans and advisories. Now is not the time to spend substantial amounts of money litigating issues that may be mooted.

4
**DEFENDANT EF EDUCATION FIRST, INC.'S REPLY IN SUPPORT OF MOTION TO STAY**

only stands to delay Plaintiff's potential recovery for a period likely less than twelve months.").

Second, Plaintiff argues that it will be prejudiced because Defendant has requested an "open ended stay" that will likely cause "fading witness memories, document spoliation, and other irretrievable loss of evidence." Opp. at p. 6. This argument ignores Defendant's motion entirely.[5] First, there is no risk of an indefinite or open-ended stay as oral argument is less than a month away and a decision will likely come this term. *See Seefeldt*, 2020 U.S. Dist. LEXIS 31815, *8-*9 ("It seems likely that [*AAPC*], at minimum, will come this term (oral argument has been set for April 22, 2020)."). Second, Defendant has implemented a litigation hold and thus there is no risk of losing discoverable materials. Motion at 12. A stay will not result in document spoliation or irretrievable loss of evidence.

Finally, Plaintiff argues that the proposed class would be damaged by a stay because it would delay this Court granting injunctive relief sought in the Complaint. Yet, Plaintiff provides no reason to believe that the conduct complained of will continue and instead alleges 'on information and belief' that the violations are 'substantially likely' to continue. However continuing harm is not an issue in this case.[6] A claim for

---

[5] Additionally, the cases Defendant cites in support of this proposition are distinguishable. First, Defendant's in *Molnar v. NCO*, sought a stay pending "FCC" guidance. 2015 WL 1906346, at *4 (S.D. Cal. April 20, 2015). Unlike the FCC, which may take years to issue a rule, the Supreme Court issues decision by fixed terms, and thus, a decision pending *AAPC* can be expected in a matter of months. Second, in *McColm v. San Francisco Housing Authority*, the Plaintiff (not Defendant) was requesting a stay only two months away from the trial date, it was Plaintiff's seventeenth request for an accommodation in that case. No. C 02-5810 PJH, 2007 WL 1342502, at *5 (N.D. Cal. May 8, 2007)("The delay and multiple accommodations granted plaintiff pose a very real potential for prejudice to defendants."). Finally, *Pagtalunan v. Galaza* is not a motion to stay but instead a pro se defendant's appeal of his denied habeas petition. 291 F.3d 639, 643 (9th Cir. 2002)

EF reminds Plaintiff that the cases it raised in its Motion were TCPA cases (mostly all motions to stay) pending other forthcoming Supreme Court decisions.

[6] EF Education First, Inc. is the improper Defendant and did not send the text message in question. See Dkt. No. 9, p. 9. To the extent any text message was sent by an entity

injunctive relief does not warrant the denial of a stay where the alleged wrongful conduct has already ceased. Motion at p. 13 (citing cases).

Therefore, the first *Landis* factor weighs in favor of granting a stay as Plaintiff cannot demonstrate any harm and Defendant has taken steps to mitigate any potential harm Plaintiff may face once the stay is issued.

### B. EF will Suffer Harm if the Stay is Not Issued

It is undisputed that staying this case while the Supreme Court decides *AAPC* could result in resolution of Plaintiff's single claim. Plaintiff has not presented a reasoned argument for why it makes sense for the parties to spend potentially hundreds of hours and hundreds of thousands of dollars on extensive written discovery, depositions, expert reports and briefing of summary judgment and class certification motions when it is possible that the Supreme Court's decision will obviate the need for any further litigation. If this case is not stayed, EF will be forced to litigate the case and expend irrecoverable human and financial resources that it would not have to expend should the Supreme Court's decision in *AAPC* moot Plaintiff's single claim. *See e.g. Lopez v. Am. Express Bank*, No. CV 09-07335 SJO (MANx), 2010 U.S. Dist. LEXIS 101476, *15 (C.D. Cal. Sept. 17, 2010) (holding defendants "made a clear case of hardship or inequity . . . [b]ecause the viability of prosecuting this case as a class action is in question, it is not apparent that Defendants should bear [those] additional expense[s]") (internal quotations omitted).

Additionally, Plaintiff's reliance on *Lockyer* is inapposite. In that case, the Ninth Circuit noted it was "unlikely that resolution of the bankruptcy proceeding," on which the stay was premised, would "significantly assist the district court in the decision of the factual and legal issues before it." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2004); *compare with Lopez*, 2010 U.S. Dist. LEXIS 101476 at *13 (granting

---

affiliated with EF, no text message(s) have been sent to Plaintiff or the alleged class since January 30, 2020.

6
**DEFENDANT EF EDUCATION FIRST, INC.'S REPLY IN SUPPORT OF MOTION TO STAY**

stay because pending Supreme Court case was "a separate judicial proceeding that will directly affect the case at hand"). Here, as in *Lopez*, a stay is appropriate because Plaintiff presents no evidence or convincing argument for why a stay will hurt her, denial of a stay will harm EF, and the Supreme Court's decision in AAPC directly impacts whether this litigation can move forward.

### C. A Stay Will Promote Judicial Economy

Granting a stay in this case will serve the orderly course of justice and conserve judicial resources. *Wright*, 2020 U.S. Dist. LEXIS 43378, *3 ("any proceedings before the Supreme Court issues guidance in the upcoming *Barr v. Am. Ass'n* will be—among other things—a waste of judicial resources and a waste of the parties' time and energy.").

In *Barr v. AAPC* the Supreme Court will address whether Section 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA is unconstitutional and should be invalidated. *Jones*, 2020 U.S. Dist. LEXIS 42858, at *1 (D. Kan. March 12, 2020)("The Supreme Court will determine **whether a relevant provision** of the [TCPA] v**iolates the Free Speech Clause of the First Amendment, which may invalidate the statute on which plaintiff brings his claim**.")(emphasis added); *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, *8-*9 ("[W]hat the Supreme Court has accepted review of – particularly, whether the government-debt exception is severable from the TCPA if deemed unconstitutional – risks a potential total collapse of the TCPA.").[7] If the Supreme Court finds Section 47

---

[7] Additionally, the procedural history from the District Court, Fourth Circuit, and Supreme Court briefing, makes clear that one of the issues in *Barr v. AAPC* is whether 47 U.S.C. § 227(b)(1)(A)(iii) should be severed and invalidated. In Respondent's brief, it writes: Instead of expanding the TCPA's prohibition of speech, the Fourth Circuit should have invalidated and severed Section 227(b)(1)(A)(iii), leaving the TCPA's other provisions—regulating other types of communications—intact. RFJN Ex. H at 19. Realizing that the Supreme Court's decision will dictate whether a TCPA case premised on 47 U.S.C. § 227(b)(1)(A)(iii) (such as the one here) can continue, at least four district courts have granted stays in other TCPA matters. *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, *10-*11; *Jones*, No. 19-2534-CM, Dkt. 53 (Ex. J to SRFJN); *Perrong*, 1:18-cv-00712, Dkt. 54 (Ex. K to SRFJN). *Wright*, 2020 U.S. Dist. LEXIS 43378.

U.S.C. § 227(b)(1)(A)(iii) must be invalidated because it violates the First Amendment, then Plaintiff's only claim against Defendant becomes a nullity.

Plaintiff's argument that "every decision has come down on the same side [with regards to severability of the 2015 Clause]," (Opp. at pp. 10 – 12) does not change this. It is immaterial for the purposes of the present motion that several courts have severed the government debt exception. What is relevant is the issue currently before the Supreme Court in *AAPC*: whether to strike Section 47 U.S.C. § 227(b)(1)(A)(iii) ("the automated call ban) in its entirety.[8] 923 F.3d at 165. Plaintiff cannot dispute that the Supreme Court's forthcoming decision may eviscerate her only cause of action. Opp. at p. 15.[9]

### III. THE OVERWHELMING AUTHORITY WEIGHS IN FAVOR OF GRANTING A STAY

Since EF filed its Motion to Stay, at least two additional courts have agreed and granted stays pending *AAPC*. *Jones*, No. 19-2534-CM, Dkt. 53 at p. 1 (D. Kan. March 12, 2020) (Ex. J to Supplemental RFJN "SRFJN") ("The Supreme Court will determine whether a relevant provision of the [TCPA] violates the Free Speech Clause of the First Amendment, which may invalidate the statute on which plaintiff brings his claim."); *Perrong*, 1:18-cv-00712, Dkt. 54 (D. Del. Mar. 6, 2020) (Ex. K to SRFJN) ("The case is STAYED pending the outcome of the U.S. Supreme Court case *Barr v. American Association of Political Consultants*."). This Court should join the *Jones*, *Perrong*, *Seedfelt*, and *Wright* courts, which all granted stays in TCPA cases pending *AAPC*.

---

[8] Plaintiff concedes that this is one of the issues under review in *AAPC*. *See* Opp. at 9. (acknowledging one of the issues the Fourth Circuit took up was "whether to strike the automated call ban in its entirety, of whether to simply sever the flawed exemption therefrom.")

[9] Notably, the Supreme Court does not often grant certiorari petitions simply to affirm the Court of Appeals.

Plaintiff's argument that *Seefeldt* and *Wright* are inapposite is disingenuous. Opp. at 12. As here, plaintiffs in *Seefeldt* and *Wright* (and also *Perrong* and *Jones*) allegedly received marketing calls or texts (sent with an ATDS) in violation of 47 U.S.C. § 227(b)(1)(A)(iii) – the cases do not concern government debts. Plaintiff erroneously argues that "the court in *Seefeldt* entered a stay for reasons largely having nothing to do" with *Barr v. AAPC*. *Id.* at 13. Yet, the Order in *Seefeldt* reads: "This Case is **STAYED** pending resolution by the U.S. Supreme Court of *Barr v. American Association of Political Consultants*, Appeal No. 19-631." *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *13.

*Bakov v. Consolidated World Travel,* the only case Plaintiff could find denying a stay pending *Barr v. AAPC* is actually inapposite. Bakov filed his Complaint in April 2015, nearly five years ago. Since that time, the *Bakov* Court granted a motion for class certification (Dkt. 215) and ruled on motions for summary judgment (Dkt. 272). On February 27, 2020, the *Bakov* court denied defendant's motion to stay largely based on the procedural posture of that case, which is vastly different from the present matter. No. 15-cv-2980 (N.D. Ill. Feb. 27, 2020), *4 ("Plaintiffs argue that given the procedural posture of the case, a stay would harm the class."); *Id.* at p. 6 ("[C]ontinuing this case rather than staying it will consume some judicial resources. But because the court decided the most outstanding significant issues in its recent summary judgment opinion, not nearly as much remains to be done.").

Here, by contrast, the Complaint was filed just a month ago, no discovery has been issued, a class has not been certified, and the only pending motion is the present motion to stay. Unlike *Bakov*, liability has not been determined and a class has not been certified. This action is in its infancy, and because the Supreme Court decision may moot this case, the action should be stayed. *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *11-*12 (granting a stay pending *AAPC* recognizing "A (relatively) young case, at least from the standpoint of litigation efforts, if not time alone, favors staying

this action."); *Intellibrands, LLC v. Jobar International, Inc.*, No. 19-cv-04505, 2019 U.S. Dist. LEXIS 228011, *3 (C.D. Cal. Nov. 27, 2019) ("Courts are significantly more likely to **grant motions to stay while litigation is in its early stages**.")(emphasis added).[10] Given the early procedural posture of this case a stay will not harm anyone and instead will conserve judicial resources.

## IV. CONCLUSION

The Supreme Court's decision in *Barr v. AAPC* may result in dismissal of this action. Staying this action pending the decision in *Barr v. AAPC* will conserve judicial as well as the parties' resources and will not harm anyone. Accordingly, EF respectfully urges the Court to stay this case pending *AAPC*, just as at least four other district courts have done in the last couple of months.

---

[10] *See also*, *Tel. Sci. Corp. v. Asset Recovery Solutions, LLC*, No. 15-cv-5182, 2016 U.S. Dist. LEXIS 581, *15 (N.D. Ill. January 5, 2016) (staying TCPA case where "The parties agree that this case is in its early stages, which equates to a potential for significant savings for both parties in terms of their time, expenses, and resources required to move forward with this litigation."); *Boise v. Ace USA, Inc.*, 2015 U.S. Dist. LEXIS 87200, *12 (S.D. Fla. July 6, 2015) ("the significant time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules [ ] that plaintiffs [ ] lack Article III standing …").

Dated: March 23, 2020

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

*/s/ E. Crystal Lopez*

By: Joshua Briones
E. Crystal Lopez
Matthew Novian

Attorneys for Defendant,
EF EDUCATION FIRST, INC.

11
**DEFENDANT EF EDUCATION FIRST, INC.'S REPLY IN SUPPORT OF MOTION TO STAY**