1

Joshua Briones (SBN 205293)
jbriones@mintz.com

2

E. Crystal Lopez (SBN 296297)
eclopez@mintz.com

3

Matthew Novian (SBN 324144)
mjnovian@mintz.com

4

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 3100

5

Los Angeles, CA 90067
Telephone:  310-586-3200

6

Facsimile:   310-586-3202

7

Attorneys for Defendant
EF EDUCATION FIRST, INC.

8

9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

12

SHANNON SENSIBAUGH, individually
and on behalf of all other similarly
situated,

13

                    Plaintiff,

14

          vs.

15

EF EDUCATION FIRST, INC.,

16

                    Defendant.

17

18

Case No.: 2:20-CV-01068-MWF PVC

**DEFENDANT'S NOTICE OF
SUPPLEMENTAL AUTHORITY IN
SUPPORT OF MOTION TO STAY
PENDING AAPC V. BARR**

Date:        Vacated
Time:        Vacated
Judge:       Hon. Michael W. Fitzgerald
Crtrm:       5A

Complaint Filed: February 2, 2020

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO STAY
PENDING AAPC V. BARR**

1  **TO THE COURT AND EACH PARTY AND THEIR ATTORNEYS OF**

2  **RECORD:**

3       Defendant Education First, Inc. files this Notice of Supplemental Authority in

4  support of its Motion to Stay Pending *Barr v. AAPC* (Dkt. #12).  Attached hereto as

5  **Exhibit A** is a true and correct copy of *Boger v. Citrix Systems, Inc.*, No. 8:19-cv-

6  01234-PX, Dkt. 30 (D. Md. Apr. 22, 2020).  The *Boger* opinion was issued after the

7  Parties in this case completed briefing the Motion to Stay.

8       The *Boger* decision is relevant because it is a judicial opinion staying a TCPA

9  case pending the Supreme Court's decision in *Barr v. AAPC*.  *Boger*, Dkt. 30, at p. 4

10 ("a brief stay until the issuance of a significant, perhaps dispositive, Supreme Court

11 decision promotes judicial economy and preserves litigation resources.").

12
13  Dated:  April 22, 2020                    Respectfully submitted,

14                                            MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                              POPEO P.C.
15
16                                            /s/ E. CRYSTAL LOPEZ
                                              By:  Joshua Briones
17                                                 E. Crystal Lopez
                                                   Matthew Novian
18
                                              Attorneys for Defendant
19                                            EF EDUCATION FIRST, INC.

20

21

22

23

24

25

26

27

28

1

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO STAY PENDING AAPC V. BARR**

# EXHIBIT A

Case 2:20-cv-01068-FLA-PVC   Document 23   Filed 04/22/20   Page 4 of 10   Page ID
Case 8:19-cv-01234-PX   Document 30   Filed 04/22/20   Page 1 of 7
#:280

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DAN L. BOGER, on behalf of himself and others similarly situated, | * | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil Action No. 8:19-cv-01234-PX |
| | * | |
| CITRIX SYSTEMS, INC., | | |
| | * | |
| Defendant. | | |
| | *** | |

**MEMORANDUM OPINION**

Pending before the Court is Defendant Citrix Systems, Inc.'s ("Citrix") motion to stay. ECF No. 24-1. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants the motion.

**I.      Procedural Background**

On April 26, 2019, Plaintiff Dan Boger filed suit on behalf of himself and others similarly situated, alleging that Citrix violated the Telephone Consumer Protection Act's ("TCPA") provisions prohibiting autodialer calls to cell phones (Count I), the TCPA's Do Not Call provisions (Count II), and the Maryland Telephone Consumer Protection Act ("MTCPA") (Count III). ECF No. 1. In response, Citrix moved to dismiss for failure to state a claim and for lack of personal jurisdiction. Citrix also moved to strike Boger's nationwide class definitions. ECF No. 14-1. The Court denied the motions, except as to Count III, which it dismissed. ECF No. 21. Thus, the questions left to be decided are whether Citrix violated the TCPA's autodialer and "Do Not Call" provisions as articulated in Counts I and II respectively.

On March 18, 2020, Citrix moved to stay this case pending the outcome of the United States Supreme Court's decision in *Barr v. American Association of Political Consultants Inc.*,

Case 2:20-cv-01068-FLA-PVC    Document 23    Filed 04/22/20    Page 5 of 10    Page ID
Case 8:19-cv-01234-PX    Document 30    Filed 04/22/20    Page 2 of 7
#:281

19-631 (Cert. Granted January 10, 2020, Oral Argument May 6, 2020) (hereinafter "*AAPC*").

*Citrix* also asks the Court to stay the matter until the Federal Communications Commission

("FCC") issues guidance on the technology that qualifies as an automatic telephone dialing

system ("ATDS"). Both the Supreme Court decision and the FCC guidance will concern

primarily Count I, the TCPA autodialer prohibitions regarding calls placed to cell phones.

## II.        Standard of Review

This Court retains inherent authority to stay a case so as to best manage its own docket

and control the orderly progression of litigation. *Landis v. North American Co.*, 299 U.S. 248,

254 (1936). The Court weighs three factors in determining the propriety of a stay: "(1) the

interests of judicial economy; (2) hardship and equity to the moving party if the action is not

stayed; and (3) potential prejudice to the non-moving party." *Davis v. Biomet Orthopedics, LLC*,

No. JKB–12–3738, 2013 WL 682906 (D. Md. Feb. 22, 2013) (citations and internal quotation

marks omitted). A party seeking a stay must demonstrate a pressing need for one, *Landis*, 299

U.S. at 255, and that the need for a stay outweighs any possible harm to the nonmovant. *Mike's

Train House v. Broadway Ltd.*, Civ. JKB–09–2657, 2011 WL 836673, at *1 (D. Md. Mar. 3,

2011); *see also In re Sacramento Mun. Utility Dist.*, 395 F. App'x 684, 687–88 (Fed. Cir. 2010).

With this standard in mind, the Court turns to the two grounds on which Citrix seeks a stay.

## III.        Analysis

### A.        Pending Supreme Court's Decision in *AAPC*

The Supreme Court granted certiorari in *AAPC* to decide two questions. First, whether

the government debt collection exemption to the TCPA's automated calling provision, found at

47 U.S.C. § 227(b) (the "Robocall Provision"), violates the First Amendment to the United

States Constitution. If so, the Supreme Court will next reach whether the offending exemption is

Case 2:20-cv-01068-FLA-PVC    Document 23    Filed 04/22/20    Page 6 of 10    Page ID
Case 8:19-cv-01234-PX   Document 30   Filed 04/22/20   Page 3 of 7
#:282

severable from the statute.  ECF No. 24-7.  If the exemption is not severable, then the Court may

likely invalidate the entirety of § 227(b).  Count I of the Complaint in this case deals specifically

with Section 227(b)(1)(A)(iii).  Thus, says Citrix, the decision in *AAPC* may eliminate Count I

entirely.  Also, depending on the reach of the Supreme Court's decision, Count II may be

implicated, as the decision may alter the foundation of the entire TCPA statutory scheme.

In light of the COVID-19 pandemic, the Supreme Court has re-scheduled oral arguments

for *AAPC*, previously set for April 22, 2020, for May 6, 2020,[1] to be heard via telephone

conference.[2]  The current term will conclude at the end of June,[3] and no information suggests this

timeline for resolution of *AAPC* will change further.

This Court and parties in discovery are also experiencing unprecedented disruption

because of the COVID-19 pandemic.  The Court's operations have been significantly reduced

and restructured to maximize social distancing and safety to the public.  Likewise, civil

discovery must retool to avoid significant in-person interaction.  A stay in these difficult

circumstances thus conserves precious judicial and case resources and avoids unnecessary

expenditure of time and money on discovery for a cause of action that may ultimately be

invalidated.

Although the Court is sympathetic to Boger's concerns as to delay hampering the pursuit

of the class claims, Boger offers no particular factual basis to support his fears.  That said, the

Court agrees with Boger that an indefinite stay would visit undue prejudice on the case.  But that

is not what this Court envisions regarding a stay to await the pending Supreme Court decision.

---

[1] The U.S. Supreme Court Calendar, Session beginning May 4, 2020,
https://www.supremecourt.gov/oral_arguments/argument_calendars/MonthlyArgumentCalMay2020.pdf.
[2] The U.S. Supreme Court Press Release, April 13, 2020,
https://www.supremecourt.gov/publicinfo/press/pressreleases/pr_04-13-20.
[3] The U.S. Supreme Court Press Release, April 3, 2020,
https://www.supremecourt.gov/publicinfo/press/pressreleases/pr_04-03-20

On balance, therefore, a brief stay until the issuance of a significant, perhaps dispositive,

Supreme Court decision promotes judicial economy and preserves litigation resources.  This

Court joins several other district courts to issue similar stays pending a decision in *AAPC*.  *See,*

*e.g., Seefeldt v. Entm't Consulting Int'l, LLC.*, No. 4:19-CV-00188, 2020 WL 905844, at *3

(E.D. Mo. Feb. 25, 2020) (emphasizing that *AAPC* may cause a "total collapse of the TCPA");

*Wright v. eXp Realty, LLC*, No. 6:18-CV-1851-ORL-40EJK, 2020 WL 1149906, at *1 (M.D.

Fla. Feb. 7, 2020) (holding that *AAPC* has the "potential to moot this action, as the Supreme

Court is reviewing whether the statute on which Plaintiff relies—the TCPA—is

unconstitutional.").  Citrix's request for stay is granted on this basis.

> **B.** **Stay Pending FCC Guidance on the ATDS Issue**

Citrix also requests that the Court stay this case until the FCC renders guidance on the

ATDS issue relevant to this case.  ECF No. 24-1.  Citrix argues that the Court may stay the case

for this reason under both the primary jurisdiction doctrine and the Court's inherent authority to

manage its docket.

The primary jurisdiction doctrine applies when a cause of action "raises a difficult,

technical question that falls within the expertise of a particular agency."  *Piney Run Pres. Ass'n*

*v. Cnty. Comm'rs of Carroll Cnty.,* 268 F.3d 255, 262 n. 7 (4th Cir.2001).  Under the doctrine, a

court may stay proceedings to allow the parties to seek administrative guidance.  *See Reiter v.*

*Cooper*, 507 U.S. 258, 26 (1993).  Its purpose is to "coordinate administrative and judicial

decision-making by taking advantage of agency expertise[.]"  *Envtl. Tech. Council v. Sierra*

*Club*, 98 F.3d 774, 789 (4th Cir. 1996).  Although no "fixed formula exists for applying the

doctrine," *United States v. W. Pac. R. Co.*, 352 U.S. 59, 64 (1956), courts may consider the

following factors in determining whether to stay an action in favor of administrative agency

Case 2:20-cv-01068-FLA-PVC   Document 23   Filed 04/22/20   Page 8 of 10   Page ID
Case 8:19-cv-01234-PX   Document 30   Filed 04/22/20   Page 5 of 7
#:284

guidance: whether the case involves a matter (1) that falls within the conventional experience of judges or the agency's particular field of expertise; (2) is particularly within the agency's discretion; (3) gives rise to substantial danger of inconsistent rulings; and (4) concerns a pending agency application for guidance. *Eric B. Fromer Chiropractic, Inc. v. Inovalon Holdings, Inc.*, 329 F. Supp. 3d 146, 155 (D. Md. 2018)

A stay pursuant to this doctrine, of course, remains discretionary. *Wilson v. PL Phase One Operations L.P.*, 422 F. Supp. 3d 971, 986 (D. Md. 2019); *Broadvox-CLEC, LLC v. AT & T Corp.*, 98 F. Supp. 3d 839, 844 (D. Md. 2015). Courts must balance the advantages of applying the doctrine against the potential costs resulting from complications and delay in the proceedings. *Broadvox-CLEC*, 98 F. Supp. 3d at 844. Accordingly, the doctrine cautions against a stay when doing so may cause substantial delay in resolving the case. *See Cooper*, 507 U.S. at 270; *see also AT & T Corp. v. Nudell*, No. RDB-07-1603, 2008 WL 2986776, at *6 (D. Md. July 30, 2008) ("The doctrine should be invoked sparingly, as it often results in added expense and delay.") (internal quotation marks omitted) (quoting *Red Lake Band of Chippewa Indians v. Barlow,* 846 F.2d 474, 477 (8th Cir. 1988)); *Reid v. Johnson & Johnson*, 780 F.3d 952, 967 (9th Cir. 2015) ("The 'deciding factor' in determining whether the primary jurisdiction doctrine should apply is 'efficiency.'") (citation omitted).

The ATDS definitional question pending for FCC guidance has a long and tortured history. The FCC first issued its ruling pertinent to this question in July 2015. *See* In re Rules and Regulations Implementing the TCPA, 30 FCC Rcd. 7961 (July 10, 2015). The autodialer industry appealed the ruling to the D.C. Circuit, which vacated the FCC's ruling three years later. *See ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018). In response, the FCC issued a notice on May 14, 2018 revisiting the issue and seeking comment. ECF No. 24-22. It then issued a second

Case 2:20-cv-01068-FLA-PVC   Document 23   Filed 04/22/20   Page 9 of 10   Page ID
Case 8:19-cv-01234-PX   Document 30   Filed 04/22/20   Page 6 of 7
#:285

Public Notice on October 3, 2018, seeking supplemental comment in response to *Marks v.*

*Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018).  *See* ECF No. 24-23.  More than a year

later, the FCC guidance is still forthcoming.

Because the Court can discern no clear end point for obtaining such guidance from the

FCC, it declines to stay the case under the primary jurisdiction doctrine.  The FCC has been

wrestling with the definition of ATDS for *six years* with no clear conclusion in sight.

Accordingly, this Court joins other courts that have refused to stay proceedings on this ground.

*See Cline v. Ultimate Fitness Grp., LLC*, No. 618CV771ORL37GJK, 2019 WL 4671195, at \*4

(M.D. Fla. Feb. 12, 2019) (although a definitive ruling from the FCC would "undoubtedly clarify

the ambiguity" about the technology that constitutes an ATDS, "that decision could be years

away and, even then, may face the same challenges as the 2015 FCC order, which would likely

prompt another request for a stay"); *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062,

1070 (D. Nev. 2019) ("this cycle of staying a case while an FCC order is pending only to have

the FCC order challenged in court has played out before, demonstrating the real possibility of

indefinite delay.'") (citing *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018

WL 3241069, at \*5 (N.D. Cal. July 2, 2018)).  Although FCC guidance would be helpful, it is

not critical to this Court's function, as reflected in scores of decisions involving ATDS

technology reached during the pendency of the FCC ruling.  *See, e.g., Snow v. General Elec. Co.*,

No. 5:18-CV-511-FL, 2019 WL 2500407, at \*18 (E.D.N.C. 2019); *Gadelhak v. AT&T Servs.,*

*Inc.*, No. 19-1738, 2020 WL 808270, at \*1 (7th Cir. 2020); *Dominguez v. Yahoo, Inc.*, 894 F.3d

116, 121 (3d Cir. 2018); *Richardson v. Verde Energy USA, Inc.*, 354 F.Supp.3d 639, 651 (E.D.

Pa. 2018); *Glasser v. Hilton Grand Vacations Co., LLC,* 341 F.Supp.3d 1305, 1310 (M.D. Fla.

Sept. 24, 2018); *Kloth-Zanard v. Bank of Am.*, No. 3:15-CV-1208 (MPS), 2019 WL 1922070, at

*10 (D. Conn. Apr. 30, 2019); *Maes v. Charter Commc'n*, 345 F. Supp. 3d 1067, 1067 (W.D. Wis. 2018). The Court thus declines to stay the case on this ground.

## IV. Conclusion

The Court grants Citrix's Motion to Stay to await decision from the Supreme Court in *AAPC* but will not delay the matter to await guidance from the FCC. The motion is GRANTED consistent with this Opinion. A separate order follows.

4/22/2020
Date

/S/
Paula Xinis
United States District Judge