HEDIN HALL LLP
Frank S. Hedin
1395 Brickell Ave, Ste 1140
Miami, Florida 33131
Telephone: + 1 (305) 357-2107
Facsimile: + 1 (305) 200-8801
Email: fhedin@hedinhall.com

BURSOR & FISHER, P.A.
L. Timothy Fisher
1990 North California Blvd., 940
Walnut Creek, California 94596
Telephone: + 1 (925) 300-4455
Facsimile: + 1 (925) 407-2700
Email: ltfisher@bursor.com

[Additional Counsel on Signature Page]

*Counsel for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SENSIBAUGH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EF EDUCATION FIRST, INC.,<br><br>Defendant. | Case No.: 2:20-cv-01068-MWF-PVC<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>Judge: Hon. Michael W. Fitzgerald<br><br>Date of Rule 26(f) Conference: April 24, 2020 |

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), Plaintiff Shannon Sensibaugh and Defendant EF Education First, Inc. jointly submit this case management and discovery plan in advance of the Initial Case Management Conference.

I. **Jurisdiction and Service**

A. **Plaintiff's Statement**

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1331. All parties have been served.

### B. Defendant's Statement

Defendant is unaware of any issues relating to subject matter jurisdiction, personal jurisdiction, or venue. However, Defendant reserves its right to challenge these issues as new facts may arise.

## II. Summary of Case

### A. Plaintiff's Statement

The Complaint alleges that Defendant sent autodialed text message advertisements and telemarketing messages to Plaintiff's cellular telephone number and the cellular telephone numbers of numerous other consumers without the requisite prior "express written consent" in violation of the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. 227. The Complaint seeks statutory damages and injunctive relief on behalf of the proposed class (as described further below).

### B. Defendant's Statement

Defendant denies liability as to any claim.

## III. Legal Issues

### A. Plaintiff's Statement

Plaintiff identifies the following legal issues underlying the claims in this action: (1) whether Defendant's text messages were transmitted using an "automatic telephone dialing system"; (2) whether Defendant can meet its burden of establishing Plaintiff's "prior express written consent" to receive such messages, assuming such an affirmative defense is raised; (3) the amount of statutory damages, if any, for which Defendant is liable; and (4) whether Plaintiff's claims are appropriate for class-wide treatment pursuant to Rule 23.

### B. Defendant's Statement

Defendant identifies the following legal issues in dispute: (1) whether this case should be stayed pending the forthcoming Supreme Court decision in *Barr v. American Association of Political Consultants, Inc.*, 19-631 (Cert. Granted January 10, 2020); (2) whether text messages were sent using an ATDS; (3) whether text messages were sent with prior express consent; (4) whether certification of Plaintiff's class is proper.

## IV. Parties & Evidence

### A. Plaintiff's Statement

Plaintiff identifies herself, Defendant EF Education First, Inc., and any of its applicable agents as percipient witnesses. Plaintiff identifies text message records and Defendant's contracts with its applicable agents as key documents on the main issues in this case.

### B. Defendant's Statement

Defendant identifies Plaintiff as a percipient witness. Defendant identifies Plaintiff's text message records as a key document. Defendant reserves the right to identify additional witnesses and/or documents in its Initial Disclosures.

## V. Damages

### A. Plaintiff's Statement

Plaintiff will prove damages in the amount of $1,500 per text message for intentional violations of the TCPA, and $500 per text message for negligent violations of the TCPA.

### B. Defendant's Statement

Defendant denies that Plaintiff or any class is entitled to damages. In the event liability is established, damages should be calculated based on the TCPA and limits imposed by the U.S. Constitution.

## VI. Insurance

### A. Plaintiff's Statement

Plaintiff is unaware if there is insurance coverage for this action.

### B. Defendant's Statement

Defendant is unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

## VII. Motions

### A. Plaintiff's Statement

After a reasonable opportunity for discovery, Plaintiff anticipates filing a motion for class certification followed by a motion for summary judgment.

### B. Defendant's Statement

Defendant's Motion to Stay is pending before the court. The motion was fully briefed as of March 23, 2020. The oral argument originally set for April 6, 2020 was taken off calendar due to the COVID-19 shelter in place orders and corresponding impact on court operations.

Defendant reserves its rights to file a Motion for Summary Judgment at a later date and will oppose any Motion for Class Certification filed by Plaintiff.

## VIII. Manual for Complex Litigation

The manual for complex litigation should be utilized as this is a putative class action.

## IX. Amendment of Pleadings

### A. Plaintiff's Position

At this time, Plaintiff does not wish to amend the operative Complaint or to join additional parties, but reserves the right to seek leave to do so at the appropriate stage of the case pursuant to Rule 15(a) and/or Rule 16, as necessary after an adequate exchange of discovery.

### B. Defendant's Position

Defendant does not anticipate adding any parties at this time.

## X. Evidence Preservation

The parties have considered their evidence preservation obligations and understand their duties to preserve paper and electronic records within their possession, custody, or control.

## XI. Disclosures

The parties have agreed to exchange initial disclosures pursuant to Rule 26(a) within fourteen (14) days from today's date.

## XII. Discovery

### A. Plaintiff's Statement

Plaintiff has already served first sets of requests for production and interrogatories to Defendant. At this time, Plaintiff believes the default deposition, interrogatory, and other discovery limits under the Federal Rules are sufficient for this case.

### B. Defendant's Statement

On April 6, 2020, Defendant sent Plaintiff a letter explaining that commencing discovery in the wake of a worldwide pandemic, which is directly impacting Defendant (a company in the travel industry) is unduly burdensome for Defendant and its affiliates. The letter explains that because Massachusetts Governor Charles Baker ordered the closure of all non-essential businesses, Defendant and its affiliates have been forced to adopt a telework model. Over the past couple weeks Defendant and it's affiliates have faced difficulties transitioning employees to the telework model and those employees that have transitioned have difficulty accessing locally stored information and documents, network drives and other internal systems. Defendant's affiliates have laid off employees and the remaining employees are primarily focused on customer service issues such as refunding travelers for educational travel programs affected by the COVID-19 pandemic. Defendant also noted that should the Supreme Court's decision in *Barr v. American Association of Political Consultants, Inc.*, 19-631 ultimately hold that the TCPA's autodialer provisions are unconstitutional, the parties will have wasted significant time and resources responding to discovery.

Defendant was prepared to seek a protective order from Magistrate Judge Pedro V. Castillo staying all discovery deadlines until the Court rules on the pending Motion to Stay or until the orders closing all non-essential businesses lapse, whichever is later. Defendant refrained from filing the motion for protective order based on oral assurances from Plaintiff's counsel that Plaintiff would provide reasonable extensions to the deadlines for Defendant to respond to discovery.

Should Plaintiff's claim survive after the Supreme Court's decision in *Barr v. American Association of Political Consultants, Inc.*, 19-631, Defendant contends that discovery should be

bifurcated between merits discovery and class discovery. Initially, discovery should focus on the merits of Plaintiff's individual claims. Thereafter, discovery should proceed to class discovery. Defendant will take written discovery on any prior relationship between Plaintiff and Defendant, Plaintiff's provision of her telephone number, consent, Plaintiff's subscription to the telephone number at issue, and Plaintiff's adequacy to serve as a class representative. Defendant will depose Plaintiff and will take written and oral discovery of any expert retained by Plaintiff.

IV. **Class Actions**

    A. **Plaintiff's Statement**

Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, individually and on behalf of the following class proposed in the Complaint: "All persons in the United States who, at any time between the four years preceding the filing of this action and the present: (1) subscribed to a cellular telephone service; (2) received, at the telephone number assigned to such service, at least one text message sent by or on behalf of Defendant using the same or substantially the same dialing technology that Defendant used to transmit the subject text messages to Plaintiff; and (3) for whom Defendant lacks any record establishing the person's provision of "express written consent" to receive such message(s) prior to the initiation of such message(s)."

    B. **Defendant's Statement**

Defendant denies that this case is entitled to class treatment under Fed. R. Civ. P. 23. Defendant respectfully submits that individualized inquiries will predominate, defeating any claim of commonality, predominance, and superiority. Anticipated individualized inquiries include inquiries relating to consent. Defendant will also take discovery on issues relating to adequacy of representation.

V. **Related Cases**

The parties are not aware of any other cases related to the instant matter.

VI. **Relief**

    A. **Plaintiff's Statement**

Plaintiffs seeks the following relief:

1. Certification of the proposed class defined above or as modified, to the extent necessary after the completion of discovery pertaining to class certification, appointing Plaintiff as representative of the class, and appointing Plaintiff's counsel as class counsel;

2. Statutory damages under the TCPA to Plaintiff and the class, in the amount of $500.00 for each violative text message (or $1,500.00 for each violative text message to the extent Defendant's violations were committed willfully);

3. Injunctive, declaratory, and other relief;

4. An award of reasonable litigation expenses and attorneys' fees to counsel for Plaintiff and the class pursuant to Rule 23;

5. Pre- and post-judgment interest, to the extent allowable; and

6. Such other and further relief as equity and justice may require.

### B. Defendant's Statement

Defendant denies that Plaintiff or any class is entitled to damages, injunctive relief or any other type of relief. In the event liability is established, damages should be calculated based on the TCPA and limits imposed by the U.S. Constitution.

## VII. Settlement and ADR

The parties have discussed alternative dispute resolution options and do not believe that a resolution to the action is attainable at this time. The parties have agreed to continue discussing the possibility of early resolution, and to attend private mediation if and when appropriate after the exchange of the necessary discovery relevant to class certification.

## VIII. Consent to a Magistrate Judge

The parties do not consent to the jurisdiction of a United States Magistrate Judge.

## IX. Reference to Another Procedure and Narrowing of Issues

At this time, the parties do not believe the case is suitable for reference to another procedure and have not yet identified any issues that can be narrowed by agreement or motion.

## X. Expedited Trial Procedure

At this time, the parties do not believe the case is suitable for expedited trial.

## XI. Scheduling

### A. Plaintiff's Proposed Schedule

To afford sufficient time for adequate discovery into the allegations of the Complaint, Plaintiff proposes the following schedule and deadlines:

- Deadline to amend pleadings or join parties: August 30, 2020
- Fact discovery deadline: January 26, 2021
- Deadline to move for class certification: February 26, 2021
- Opening expert disclosure deadline: March 26, 2021
- Rebuttal expert disclosure deadline: April 30, 2021
- Expert discovery deadline: May 28, 2021
- Dispositive motion deadline: TBD after class certification
- Pretrial conference: TBD after class certification; and
- Trial to commence: TBD after class certification.

### B. Defendant's Proposed Schedule

To afford sufficient time for adequate discovery into the allegations of the Complaint, Defendant proposes the following schedule and deadlines:

- Deadline to amend pleadings or join parties: August 30, 2020
- All discovery deadline: September 27, 2021
- Fact discovery deadline: July 30, 2021
- Opening expert disclosure deadline: August 6, 2021
- Rebuttal expert disclosure deadline: September 3, 2021
- Expert discovery deadline: October 1, 2021
- Dispositive motion deadline: October 18, 2021
- Pretrial conference: January 10, 2022
- Trial to commence: February 1, 2022

## XII. Trial

Plaintiff demands a trial by jury, and, at this time, the parties anticipate approximately 4 days

of trial, depending on whether the case is tried on an individual or class-wide basis. Plaintiff's lead trial counsel will be Scott A. Bursor of Bursor & Fisher, P.A.

### XIII. Independent Expert or Master

The Parties do not believe the Court should consider appointing an independent expert or master in this case

### XIV. Disclosure of Non-party Interested Entities or Persons

The parties have made the requisite disclosures of interested persons or entities.

Date: May 4, 2020

**HEDIN HALL LLP**

By:   /s/ Frank S. Hedin
         Frank S. Hedin

Frank S. Hedin
HEDIN HALL LLP
1395 Brickell Ave, Ste 1140
Miami, Florida 33131
Telephone:    + 1 (305) 357-2107
Facsimile:    + 1 (305) 200-8801
Email: fhedin@hedinhall.com

BURSOR & FISHER, P.A.
L. Timothy Fisher
1990 North California Blvd., 940
Walnut Creek, California 94596
Telephone:    + 1 (925) 300-4455
Facsimile:    + 1 (925) 407-2700
Email: ltfisher@bursor.com

*Counsel for Plaintiff and the Putative Class*

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**

By:   /s/ E. Crystal Lopez
         E. Crystal Lopez

Joshua Briones
E. Crystal Lopez
Matthew Novian
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone:  310-586-3200
Facsimile:   310-586-3202

Email: jbriones@mintz.com
eclopez@mintz.com
mjnovian@mintz.com

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I, Frank S. Hedin, hereby certify that on May 4, 2020, I electronically transmitted the foregoing to the following by e-mail to all counsel of record.

Date: May 4, 2020

**HEDIN HALL LLP**

By:   /s/ Frank S. Hedin
       Frank S. Hedin

Frank S. Hedin
HEDIN HALL LLP
1395 Brickell Ave, Ste 1140
Miami, Florida 33131
Telephone:   + 1 (305) 357-2107
Facsimile:     + 1 (305) 200-8801
Email: fhedin@hedinhall.com

*Counsel for Plaintiff and the Putative Class*