UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-1068-MWF (PVCx) | **Date:** May 7, 2020 |
| **Title:** Shannon Sensibaugh v. EF Education First, Inc. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):**   ORDER RE DEFENDANT'S MOTION TO STAY PENDING *BARR V. AAPC* [12]

Before the Court is Defendant EF Education First, Inc.'s Motion to Stay Pending *Barr v. AAPC* (the "Motion"), filed on February 28, 2020. (Docket No. 12). Plaintiff Shannon Sensibaugh filed an Opposition on March 16, 2020. (Docket No. 15). Defendant filed a Reply on March 23, 2020. (Docket No. 16).

The Motion was noticed to be heard on April 6, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing was further required by the Continuity of Operations Plan (COOP) arising from the COVID-19 emergency.

Defendant's unopposed Request for Judicial Notice and Supplemental Request for Judicial Notice (Docket Nos. 12-2, 13, 17) are **GRANTED**. The Court also has reviewed Plaintiff's Notices of Supplemental Authority (Docket Nos. 18, 19) and Defendant's Notices of Supplemental Authority (Docket Nos. 21, 22, 23, 24, 25).

For the reasons discussed below, the Motion is **GRANTED**. In light of the United States Supreme Court's pending case, which is expected to rule on the scope of the TCPA, the Court will exercise its discretion and stay this action until the Supreme Court's ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-1068-MWF (PVCx)          **Date:** May 7, 2020
**Title:** Shannon Sensibaugh v. EF Education First, Inc.

## I. BACKGROUND

On February 2, 2020, Plaintiff commenced this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (*See* Complaint ¶ 1 (Docket No. 1)).

The Complaint alleges the following:

Defendant is an international education company that specializes in language training, education travel, academic degree programs, and cultural exchange. (*Id.* ¶ 5). During the preceding four years, Defendant transmitted, by itself or through its intermediaries, text messages to Plaintiff and each member of the putative class. (*Id.* ¶ 11). Each message was aimed at promoting the commercial availability of Defendant's products and services and ultimately selling such products and services. (*Id.*). Defendant and/or its intermediaries sent the text messages using an automatic telephone dialing system and without prior written consent from Plaintiff or the putative class members. (*Id.* ¶¶ 12, 16).

Based on the above allegations, Plaintiff asserts a single claim for relief for violation of the TCPA. (*Id.* ¶¶ 35-40).

## II. DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-1068-MWF (PVCx)**                    **Date:  May 7, 2020**
**Title:      Shannon Sensibaugh v. EF Education First, Inc.**

In determining whether to grant a discretionary stay, courts in this Circuit consider three factors: (1) harm the non-moving party may suffer as a result of the stay; (2) hardship the moving party may suffer if a stay is denied; and (3) "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected from a stay" (i.e., judicial economy). *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

Defendant argues that the Court should grant a stay pending the outcome of *Barr v. American Association of Political Consultants* ("*AAPC*"), Case No. 19-631, wherein the United States Supreme Court will decide whether the TCPA provision restricting automated calls to cell phone numbers is unconstitutional and invalid in its entirety. (Motion at 1-2).

The Court agrees. All three of the *Lockyer* factors support granting a stay until the Supreme Court issues its ruling in *AAPC*:

*First*, it is unlikely that Plaintiff will suffer any significant harm by such a stay. This action was filed on February 2, 2020 and is in early stages of litigation. "A (relatively) young case, at least from the standpoint of litigation efforts, if not time alone, favors staying this action." *Seefeldt v. Entm't Consulting Int'l, LLC*, No. 4:19-CV-00188, 2020 WL 905844, at *3 (E.D. Mo. Feb. 25, 2020). Moreover, the stay will not be indefinite. Plaintiff characterizes Defendant's request as an "open-ended" and "lengthy" stay. *See* Opposition at 6, 7. The Court disagrees. While the Supreme Court briefly postponed oral argument for *AAPC*, it occurred on May 6, 2020. Therefore, it is likely that the Supreme Court will issue a decision by the end of this term. *See Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-CV-05007-RBL, 2020 WL 2041755, at *2 (W.D. Wash. Apr. 28, 2020) ("[D]espite the Coronavirus pandemic, the Court has gone ahead and scheduled a May telephonic oral argument in *AAPC*, suggesting that a stay would be brief."). Additionally, the Court notes the current environment resulting from the COVID-19 pandemic, including but not limited to the Court's Continuity of Operations Plan, almost certainly means that there will be some delay even apart from *AAPC*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-1068-MWF (PVCx)**           **Date:  May 7, 2020**
**Title:**     Shannon Sensibaugh v. EF Education First, Inc.

*Second*, the Court determines that Defendant potentially faces real harm.  In *AAPC*, the Supreme Court will address "[w]hether the government-debt exception to the [TCPA's] automated-call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute" or deem the entire automated-call restriction unconstitutional.  (Question Presented in *AAPC*, 19-631 (Docket No. 12-2, Ex. E)).  While the government-debt exception is not directly related to this action, whether the entire automated-call restriction is deemed unconstitutional is certainly relevant.  *See e.g.*, *Seefeldt*, 2020 WL 905844, at *3 ("[W]hat the Supreme Court has accepted review of—particularly, whether the government-debt exception is severable from the TCPA if deemed unconstitutional—risks a potential total collapse of the TCPA without regard to the definitional problem.") (emphasis omitted); *Lacy*, 2020 WL 2041755, at *2 (same).

In her Opposition, Plaintiff argues that the Supreme Court "is never going to" invalidate the TCPA's automated-call restriction.  (Opp. at 2).  However, "it would be unwise to predict the Supreme Court's course of action with any certainty," and the "opinion in *AAPC* may provide useful guidance in this case."  *Lacy*, 2020 WL 2041755, at *2; *see also Nakai v. Charter Commc'ns, Inc.*, Case No. CV 19-8035-GW-SSx, Docket No. 42 at 8 (C.D. Cal. Apr. 15, 2020) ("The possibility that the automated-call restriction will be invalidated (or at least explained further) warrants a brief stay here that will promote judicial economy.").

While several courts have declined to issue a stay in similar circumstances, the Court sides with those cases in which courts addressed this exact question and granted a stay.  *See, e.g.*, *Nakai*, 2020 WL 1908949, at *7 (granting stay pending the decision in *AAPC*); *Seefeldt,* 2020 WL 905844, at *3 (same); *Wright v. eXp Realty, LLC*, No. 6:18-cv-1851-ORL-40EJK, 2020 WL 1149906, at *1 (M.D. Fla. Feb. 7, 2020) (same); *Jones v. Ushealth Group*, No. 19-2534-CM, Docket No. 53 at 1 (D. Kan. Mar. 12, 2020) (Docket No. 17-1) (same); *Lindenbaum v. Realgy, LLC*, No. 1:19 CV 2862, 2020 WL 1908639, at *2 (N.D. Ohio Mar. 19, 2020) (same); *Boger v. Citrix Sys., Inc.*, No. 8:19-CV-01234-PX, 2020 WL 1939702, at *4 (D. Md. Apr. 22, 2020) (same); *Lacy*, 2020 WL 2041755, at *2 (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-1068-MWF (PVCx)          **Date:** May 7, 2020
**Title:**     Shannon Sensibaugh v. EF Education First, Inc.

*Third*, a stay in this action will conserve judicial resources. The Supreme Court is likely to rule in a way that will provide clarity and have an impact here, either by invalidating the challenged provision in the TCPA or confirming which circuit's test is appropriate. Plaintiff's main argument – that many courts have determined that the challenged provision in the TCPA is severable – is not persuasive. (Opposition at 10-11). Plaintiff may ultimately be correct regarding how the Supreme Court rules in *AAPC*; it makes little sense, however, to proceed with this action until the Supreme Court speaks on this issue.

### III. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** and this action is **STAYED**. The parties are **ORDERED** to file a joint status report within **one week** of the Supreme Court's ruling in *AAPC*.

In light of the stay, the Scheduling Conference set for May 18, 2020 is **VACATED** and no appearances shall be made. The Court will reset the Scheduling Conference and require a new Joint Rule 26(f) Report at the appropriate time.

IT IS SO ORDERED.