Joshua Briones (SBN 205293)
jbriones@mintz.com
E. Crystal Lopez (SBN 296297)
eclopez@mintz.com
Matthew Novian (SBN 324144)
mjnovian@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone:  310-586-3200
Facsimile:   310-586-3202

Attorneys for Defendant
EF EDUCATION FIRST, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SENSIBAUGH, individually and on behalf of all other similarly situated,<br><br>                    Plaintiff,<br>     vs.<br>EF EDUCATION FIRST, INC.,<br><br>                    Defendant. | Case No.: 2:20-CV-01068-MWF PVC<br><br>**JOINT STATUS REPORT**<br><br>Judge:   Hon. Michael W. Fitzgerald<br>Crtrm:   5A<br><br>Complaint Filed: February 2, 2020<br>Trial Date:       None Set |

Pursuant to the Court's Order dated May 7, 2020 (ECF No. 28), Plaintiff Shannon Sensibaugh and Defendant EF Education First, Inc. (collectively the "Parties") hereby submit this Joint Status Report.  On July 6, 2020 the Supreme Court issued its decision in *Barr v. American Association of Political Consultants*, No. 19-631.  [Doc. 27.]  Plaintiff filed a copy of the decision with Court on July 7, 2020. [Doc. 28].

**A.** **<u>Plaintiff's Position</u>**

Plaintiff does not oppose Defendant's request to continue the stay in light of the Supreme Court granting certiorari in *Duguid v. Facebook*, Inc., No. 19-511.

To the extent that the Court believes a continued stay is inappropriate, Plaintiff

1
**JOINT STATUS REPORT**

believes the Parties should meet-and-confer to submit a revised Rule 26(f) Report at least 14 days before the Rule 16 scheduling conference. Plaintiff may also file an amended complaint.

### B. Defendant's Position

Defendant requests that the Court continue the stay in place *sua sponte* until the Supreme Court issues an opinion in *Duguid v. Facebook, Inc.,* No. 19-511. Plaintiff has indicated that she would not oppose Defendant's request to continue the stay until the Supreme Court issues an opinion in *Duguid v. Facebook, Inc.*

On July 9, 2020, the Supreme Court granted certiorari in *Duguid v. Facebook, Inc.*, No. 19-511 (3 days after the *Barr* decision). The Court granted certiorari as to the second issue presented by Facebook: "whether the definition of [an automatic telephone dialing system] encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" The Supreme Court's opinion in *Duguid v. Facebook, Inc.* will address a nationwide circuit split[1] and a central issue in this case: whether the telephone equipment used to allegedly send an SMS text message to Plaintiff's cellular telephone constitutes an automatic telephone dialing system ("ATDS") as defined by the TCPA.[2]

A stay is appropriate in this case so that the parties and the Court can receive

---

[1] *See Gadelhak v. AT&T Services*, No. 19-1738, 2020 U.S. App. LEXIS 5026 (7th Cir. Feb. 19, 2020); *Glasser v. Hilton Grand Vacations,* Case No. 18-14499, 2020 U.S. App. LEXIS 2481 (11th Cir. Jan. 27, 2020); *Dominguez v. Yahoo*, 894 F.3d 116, 120 (3d Cir. 2018). *C.f. Duran v. La Boom Disco, Inc.*, No. 19-600 (2d Cir. 2020); *Marks v. Crunch San Diego,* 904 F.3d 1041, 1049 (9th Cir. 2018).

[2] To prove her case, Plaintiff needs to show that Defendant used an ATDS to send the alleged text messages. 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) ("The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent."). "If Defendant's system is not an ATDS, the TCPA does not apply and summary judgment should be granted dismissing all TCPA causes of action with prejudice." *Marks v. Crunch*, 55 F. Supp. 3d 1288, 1291 (2014).

clarity on the definition of an ATDS before further time and expense are incurred. Notably, at least one court presiding over a TCPA class action has indicated that a stay pending Supreme Court review of the ATDS issue presented in *Duguid v. Facebook, Inc.*, would appropriate if the Court granted certiorari. *See Stanley v. Capital One Financial Corp.*, No. 7:19-cv-00337, 2020 U.S. Dist. LEXIS 2407, (W.D. Va. Jan. 8, 2020) ("If, however, the Supreme Court grants the petition for certiorari in *Duguid* and the parties believe the Supreme Court's ruling will be necessary to the resolution of this case, either party may file a subsequent motion to prevent relitigating issues either at trial or on appeal.").

If the Court is not inclined to continue the stay, pursuant to the Court's May 7, 2020 Order and for purposes of judicial efficiency, Defendant proposes that the revised Joint Rule 26(f) report required by the Court should be due *after* Plaintiff files her amended complaint and 14 days before the Court sets the Rule 16 scheduling conference. Additionally, Plaintiff has served written discovery on EF Education First, Inc. ("EF"), the wrong defendant in this action. In its February 27, 2020 Answer (Doc. 9), EF informed the Court and Plaintiff that it is the improper defendant in this action. Then, on May 4, 2020, Defendant informed Plaintiff that EF Institute for Cultural Exchange, Inc. is the proper party in this case. Defendant expects Plaintiff will file an amended complaint once the stay is lifted.

Dated: July 13, 2020
Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

/S/ MATTHEW NOVIAN
By: Joshua Briones
E. Crystal Lopez
Matthew Novian

Attorneys for Defendant
EF EDUCATION FIRST, INC.

Dated: July 13, 2020 	Bursor & Fisher, P.A

/s/ Philip L. Fraietta
By:  Philip L. Fraietta
     Bursor & Fisher, P.A.
     888 Seventh Avenue
     New York, NY 10019
     Telephone: 646-837-7142
     Email: pfraietta@bursor.com

     HEDIN HALL LLP
     Frank S. Hedin (SBN 291289)
     Four Embarcadero Center, Suite 1400
     San Francisco, California 94104
     Telephone: (415) 766-3534
     Facsimile: (415) 402-0058
     Email: fhedin@hedinhall.com

     Attorneys for Plaintiff and the Putative Class